## J. O. HENDERSON v. THE STATE.

### No. 3697.  Decided May 20, 1908.

**1.—Malicious Mischief—Evidence—Value of Dog.**

Where upon trial for unlawfully, willfully and wantonly killng a dog, the property of another, defendant received the lowest punishment, there was no error in admitting testimony of the value of the dog over defendant's objecttion.

**2.—Same—Charge of Court.**

Where upon trial for willfully and wantonly killing a dog of another, the court in his charge correctly defined the terms willful and wanton, there was no error in refusing special charges on the same subject.

**3.—Same—Sufficiency of the Evidence.**

Where upon trial for willfully and wantonly killing a dog of another, the evidence showed that the prosecutor owned the dog; that he heard a gun shot and the dog yelp; that he went up near where defendant lived and found his dog dead, and defendant told him that he killed the dog, the verdict was sustained.

Appeal from the County Court of Hamilton.  Tried below before the Hon. A. E. Scott.

Appeal from a conviction of willfully and wantonly killing a dog of another; penalty, a fine of $10.

The opinion states the case.

*J. L. Lewis,* for appellant.—On question of charge of court: Branch v. State, 41 Texas, 623; Thomas v. State, 14 Texas Crim. App., 200; Reedy v. State, 22 Texas Crim. App., 271.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information in the County Court of Hamilton County with unlawfully, willfully and wantonly killing a dog, the property of one R. J. Foster.  On trial he was convicted and his punishment assessed at a fine of ten dollars.

1. On the trial the prosecuting witness R. J. Foster, was asked: "What was that dog of yours, the defendant killed worth?" to which testimony and the answer sought to be adduced thereby appellant's counsel objected, on the ground that such question was illegal and inadmissible, being irrelevant to the issue in the case and calculated to prejudice appellant's defense before the jury.  The objection was overruled and the witness answered that the dog was worth one hundred dollars.  We think the inquiry was largely immaterial, but we do not believe that the fact that the witness was permitted to answer is of such concern or gravity as to injure appellant.  We are particularly led to this conclusion in view of the small fine assessed against appellant and of the further fact, confessed and urged by appellant, that the

matter of value was wholly immaterial. In his charge to the jury the court defined "willful" as meaning that the act must be done with an evil intent, with legal malice, without reasonable ground for believing it to be lawful and without grounds justifying the act. "Wanton" was defined as meaning that the act must have been committed regardless of the rights of another, in reckless sport or under such circumstances as evinced a wicked or mischievous intent without excuse. The jury were further instructed that if they did not find from the evidence beyond a reasonable doubt that defendant did kill the dog as alleged, or finding that he did kill the dog that the killing was not willfully or wantonly done they would acquit defendant. The special charges were, in the main and so far as correct included in the court's general charge and there was no error in refusing any of them.

2. The case rested solely on the testimony of the prosecuting witness, Foster, who testified that he owned the dog in question; that he heard a gun shot and the dog yelp; that he went up near where appellant lived and found his dog dead and that appellant told him that he had killed the dog. The evidence as fairly considered raises no excuse for his having done so, and in the absence of any denial supports the verdict, and the ·judgment is ·affirmed.

*Affirmed.*