## Ex Parte J. W. Strong.

### No. 7515. Decided April 18, 1923.

### Rehearing denied June 29, 1923.

**1.—Habeas Corpus—Wife and Child Desertion—Validity of Statute.**

Article 640a. Chapter 9a, Vernon's P. C., providing that any husband who shall wilfully or without justification desert, neglect or refuse to provide for the support and maintenance of his wife or parent who deserts, etc., his child or children under the age of sixteen years in destitute or necessitous circumstances shall be guilty of an offense, is valid and constitutional.

**2.—Same—Statutes Construed—Words and Phrases—Common Language.**

Under Article 9, Vernon's P. C., the laws of this State must be construed according to the plain import of the language used, and under Article 10 id., all words used in our Penal Code, except those specially defined, are to be taken and construed in the sense in which such words are understood in common language, and there being no special definition of the words objected to in this statute they must be understood as same are used in common language.

**3.—Same—Words and Phrases—Common Language.**

The words used in the statute are not themselves ambiguous, but having a meaning well understood in common language, and no one charged with the offense of deserting his children without justification would have serious difficulty in understanding what is meant.

**4.—Same—Rule Stated—Words and Phrases.**

When the meaning of the word or phrase in question, or the import of the group of words forming an expression, is well understood and conveys to the mind of all substantially the same thing, any law containing same should not be held indefinite or of doubtful construction.

**5.—Same—Rehearing—Statutes Construed—Words and Phrases.**

In using the term "desert" and "wilfully" in the statutes mentioned and taking note of the previous definition of those words there would seem little room for debate, touching the meaning of the statutes. Distinguishing Smythe v. State, 120 S. W. Rep., 210.

**6.—Same—Statutes Construed—Wife and Child Desertion.**

The statute makes it unlawful to wilfully desert a wife or child or to refuse to provide for a wife or child in destitute or necessitous circumstances, and the words "without justification" might be left out of the indictment entirely without affecting its validity.

From Travis County.

Original Habeas Corpus Proceeding asking release from arrest under a violation of the Child Desertion Statute.

The opinion states the case.

*Cofer & Cofer* for relator.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—By habeas corpus relator attacks the validity of the wife and child desertion law, which is Chapter 9a, Vernon's P. C., on the ground that Article 640a of said chapter is so indefinitely framed and of such doubtful construction as to be inoperative.

If this be true, then under Article 6, Vernon's P. C., the law can not be upheld. Article 640a is as follows: "That any husband who shall wilfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his wife, who may be in destitute or necessitous circumstances, or any parent who shall wilfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not less than twenty-five dollars and not more than five hundred dollars or by imprisonment in the county jail not more than one year, or by both such fine and imprisonment."

Inasmuch as the charge against relator is desertion of his minor children, he confines his attack on said article to the latter part thereof, making either parent guilty in certain cases. The claim of invaldity rests apparently on the proposition that the expressions "without justification" and "Destitute and necessitous circumstances" are too indefinite and uncertain.

By Article 9, Vernon's P. C., we are bidden to construe the laws of this State according to the plain import of the language used; and from Article 10, id., we learn that all words used in our Penal Code, except those specially defined, are to be taken and construed in the sense in which such words are understood in common language. There being no special definition of the words objected to in this statute, they must be understood as same are used in common language. The Century Dictionary & Encyclopedia defines justification

as "The showing of a sufficient reason in court why one did what he is called to answer; the act of showing something to be just or right; proof of fairness or right intention." Closely akin, and of the same derivation is the word "justifiable;" which appears in so many decisions of this court and so often in Chapter 12 of our Penal Code. Mundine v. State, 37 Texas Crim. Rep. 5; Cheek v. State, 4 Texas Crim. App., 444; May v. State, 6 Texas Crim. App., 191; Richardson v. State, 7 Texas Crim. App. 486; Matthews v. State, 42 Texas Crim. Rep., 31. The word "justifiable" appears to be used in the penal laws of most if not all of the other states of the Union. Substantially the same definition of justification, as given above, will be found in 24 Cyc. 790.

The word "destitute" is a well understood word, and investigation of its meaning discloses that in all of the lexicons and dictionaries it means: without means, indigent, poor, needy. The word "necessitous" means pressed by poverty, needy, unable to procure what is necessary for one's station. We find in the dictionary that "destitute" is given as a synonym of necessitous.

These expressions in said statute would, therefore, seem not open to the criticism made by relator. The words are not themselves ambiguous. They have meaning well understood in common language, and we are not led to believe that one charged with the offense of deserting his children without justification would have serious difficulty in understanding what was meant. Nor do we believe that one so charged would have difficulty in understanding that if he could show a condition of inability or reasonable expectation or belief that he was providing or caring for the physical wants of such children, or had so provided for their care and maintenance, that this would be justification for any alleged failure to support and care for such children. Similar reasoning might be indulged in with reference to the other words and expressions used in the statutes and objected to by relator. They are words of common meaning and are well understood. One need not be a lawyer or a very wise man to understand the meaning of the words destitute and necessitous. That juries in different localities might come to different conclusions as to what would amount to justification, or when such children were left in destitute and necessitous circumstances, is no more an objection to this law than could be raised to nearly every law upon our statute books. It needs no illustration to make plain the fact that upon one state of case one jury will conclude a man justified in committing a homicide, while another on a similar state of fact will conclude otherwise; that under one state of case he is held not guilty of taking property with fraudulent intent, etc., etc., while under a similar fact case, the jury may conclude the opposite. We have examined the authorities cited by relator but conclude they do not support his contention. In the recent cases of Griffin v. State,

86 Texas Crim. Rep. 498, 218 S. W. Rep. 494; Russell v. State, 88 Texas Crim. Rep. 512, 228 S. W. 566, and Ex parte Slaughter, 92 Texas Crim. Rep., 212, 243 S. W. Rep. 478, we were discussing enactments whose attempts to penalize certain acts, appear to us in no way similar to the statute now before us. Taking the Slaughter case for instance, to what lexicon or dictionary, or to what common understanding of the phrase could one go to ascertain the meaning of the expression ''thickly built up,'' with reference to the territory contiguous to a highway? There is no definition or standard by which such expression could be ascertained or understood. Not so with the word ''justification'' or the expression ''destitute and necessitous.'' What we have just said about the Slaughter case, supra, is substantially true of both the Griffin and Russell cases mentioned.

When the meaning of the word or phrase in question, or the import of the group of words forming an expression, is well understood and conveys to the minds of all substantially the same thing, any law containing same should not be held indefinite or of doubtful construction. The statute in question does not appear to fall within that class referred to by Mr. Black in Sec. 36 of his work on Interpretation of Laws wherein he uses the following language:

''If a statute is devoid of meaning,—if the language employed, though clear and precise, directs an impossibility or is incapable of bearing any reasonable signification, or if an ambiguity exists which cannot be cleared up,—so that it is not possible to ascertain the object to which the legislature intended the act to apply or the result which it was expected to accomplish, the act is inoperative. In such a case, the courts cannot revise and amend it, on mere conjecture as to the intention of the legislature, but it is their duty to pronounce it incapable of effectual operation.''

Being unable to agree with learned counsel for relator that the statute under consideration is so indefinite and of such doubtful construction as to render it invalid, the relief prayed for will be denied and relator will be remanded to the custody of the sheriff of Travis County as under the original warrant.

*Writ denied.*

ON REHEARING.

June 29, 1923.

MORROW, Presiding Judge.—In a motion for rehearing displaying research and ingenuity, the relator insists that in overruling his contention that Article 640a of the Penal Code is void for uncertainty, this court was in error. The statute declares that:

''. . . any husband who shall wilfully or without justification, desert, neglect or refuse to provide for the support and maintenance of his wife, who may be in destitute or necessitous circumstances, or

any parent who shall wilfully or without justification, desert, neg-
lect or refuse to provide for the support and maintenance of his
or her child or children under the age of sixteen years in destitute
or necessitous circumstances, shall be guilty of a misdemeanor.''

Article 6 of the Penal Code forbids the courts to give effect to
convictions for violations of a statute ''so indefinitely framed or of
such doubtful construction that it can not be understood, either from
the language in which it is expressed, or from some other written
law of the state.'' In Article 9 of the Penal Code the courts are
enjoined to construe a criminal statute ''according to the plain im-
port of the language in which it is written, without regard to the
distinction usually made between the construction of penal laws and
laws upon other subjects;'' and in Article 10, it is said that words
not specifically defined are to be construed in the sense in which they
are understood in common language, taking into consideration the
context and subject matter relative to which they are employed.

In Lewis Sutherland Statutory Construction, Sec. 86, it is thus
stated:

''A statute cannot be held void for uncertainty, if any reasonable
and practical construction can be given to its language. Mere diffi-
culty in ascertaining its meaning or the fact that it is susceptible of
different interpretations will not render it nugatory. Doubts as
to its proper construction will not justify us in disregarding it. It
is the bounden duty of courts to endeavor by every rule of construc-
tion to ascertain the meaning of, and to give full force and effect to,
every enactment of the general assembly not obnoxious to constitu-
tional prohibition. But if, after exhaustng every rule of construc-
tion, no sensible meaning can be given to the statute, or if it is so
incomplete that it cannot be carried into effect, it must be pronounced
inoperative and void.''

The word ''wilfully'' which is used in the statute has often been
defined. In some of the decisions it is said that it means with evil
intent; without reasonable grounds for believing the act to be lawful.
Thomas v. State, 14 Texas Crim. App. 204; Lane v. State, 16 Texas
Crim. App. 172; Henderson v. State, 53 Texas Crim. Rep. 533. See
also Words & Phrases, Vol. 4, (2nd Series), page 1294; Cyc. of Law
& Proc., Vol. 40, p. 938.

''Desertion'' is thus defined in Cyc. of Law & Proc., Vol. 14, pages
227 and 228: ·

''In general, the act by which a person abandons and forsakes,
without justification, or unauthorized, a station or condition of public
or social life, renouncing its responsibilities and evading its duties.''

''In domestic relations, the act of forsaking, deserting, or aban-
doning a person with whom one is legally bound to live, or for whom
one is legally bound to provide, as a wife or husband.''

In using the terms ''desert'' and ''wilfully'' in the statute men-

tioned, and taking note of the previous definitions of those words, there would seem little room for debate touching the meaning of the statute. Apparently, as used in the statute, the words "wilfully" and "without justification" are equivalent and so are the words "destitute" and "necessitous circumstances." The statute uses these terms in the alternative: "wilfully or without justification;" "destitute or necessitous circumstances." The meaning of the word "destitute" is not difficult of ascertainment. One of the definitions given in the dictionary is this:

"Not possessing the necessaries of life; in a condition of extreme want; without possessions or resources."

Much stress is laid by relator upon the case of Ex Parte Smythe 56 Texas Crim. Rep. 375, 120 S. W. Rep. 201. By a majority of the court, a statute was held invalid, but not, as we comprehend it, because of its indefiniteness, but because it declared that one guilty of the offense which the statute attempted to define should be punished by a fine which would go not to the State but to the individual named in the statute. This the majority held without sanction to the Constitution but opposed to its principles. It was further held invalid because it deprived the accused of the right of trial by jury. In the majority opinion it was also said:

"The first clause of the act, in defining the offense, says 'that every person who shall, without good cause, abandon his wife and neglect and refuse to maintain and provide for her, etc. This section of the act might be upheld on the theory that by the words 'good cause' the Legislature intended to say 'lawful cause,' that is further to say, those causes enumerated under the divorce law, and hence might be upheld on the theory that the legislature did not intend to punish the husband for failing to support, or for having abandoned the wife, except for those causes expressly defined in the divorce law of this state. If this is the meaning of the Legislature in the act under consideration, then if this legislature is reenacted, or similar legislation is passed, the basis for a prosecution should be succinctly and clearly laid down."

Judge Ramsey, the writer of the dissenting opinion, regarded the law as valid. Touching the words "good cause" he said this:

"Again, we think it perhaps correct to say that the statute may be sustained on the proposition and theory suggested by Judge Brooks in the majority opinion, that the term "good cause" is synonymous with the term 'lawful cause.' If it can in fairness be held that the terms are synonymous it will not, as I believe, change the rule as to the validity of the statute."

If, therefore, we comprehend the decision in question, the basis upon which the law was held invalid was not that it was indefinite by reason of the use of the words "good cause" but upon other grounds quite distinct therefrom. The statute upon the same sub-

ject as that under discussion is, in the State of Louisiana, almost in the same language as ours and has by the Supreme Court of that state been held valid. See State v. Cucullu, 110 La. 1087; State ex rel. Mioton, 112 La. 802.

As stated above, the statute makes it unlawful to wilfully desert a wife or child or to refuse to provide for a wife or child in destitute or necessitous circumstances. The definition of destitute is not uncertain, and the words "without justification" might be left out of the indictment entirely without affecting its validity, provided it contained the word "wilfully" in its proper connection.

In our judgment, the statute is not invalid, and the motion for rehearing should be overruled. It is so ordered.

*Overruled.*