### TOM BUTLER V. THE STATE.

No. 10877.  Delivered October 5, 1927.

Rehearing denied November 23, 1927.

**1.—Possessing a Seine and Net—Information—Held Sufficient.**

Where an information charges in the language of the statute conjunctively a violation of Art. 942, P. C., in three different ways, all included within the term of said article, and all punishable in the same manner, there was no uncertainty of meaning as to the offense intended to be charged, and such information was sufficient. See Branch's P. C., Sec. 510, p. 263, and Sec. 506, p. 259, for full collation of authorities.

**2.—Same—Appointment of Attorney to Represent State—Held Proper.**

Where there was no County Attorney in the county of the trial, and the District Attorney was absent, it was proper for the trial judge to appoint an attorney to represent the state. See Art. 31, C. C. P.; Young v. State, 76 Tex. Crim. Rep. 243.

**3.—Same—Summoning Jury—By Sheriff—Held Proper.**

Under Art. 640, C. C. P., the court is authorized to order the sheriff to summon such number of qualified persons as may be deemed sufficient to serve as jurors for the week, where for any cause no regular jurors have been selected by a jury commission. Where, however, the judge intentionally refuses to appoint jury commissioners to select a jury for the term,

a substantial right is denied a person, who is tried by a jury selected by the sheriff. See White v. State, 45 Tex. Crim. Rep. 597.

ON REHEARING.

**4.—Same—Jury Commissioners—Failure to Appoint—Must Be Arbitrary.**

The right to set aside the panel of jurors, on the ground that they were not selected by a jury commission, but were summoned by the sheriff, does not accrue where the failure to select a jury commission is due to a good cause, but accrues only when the failure reflects an arbitrary or willful action upon the part of the trial court. See White v. State, supra, and other cases cited in opinion on rehearing.

**5.—Same—Jury—Quashing Panel—Facts Necessary.**

To entitle the appellant to quash the panel of jurors, which were not selected by a jury commission, it is necessary that he present testimony to show not only that the court in the present instance has failed to select a jury commission, but that in doing so his action was wilful and arbitrary. This will not be presumed but must be proven.

**6.—Same—Objection to Jury Panel—In Motion for New Trial—Comes Too Late.**

Objections to a jury panel should be presented when the panel is tendered in a motion to quash and such an objection when first presented in a motion for a new trial, comes too late.

Appeal from the County Court of Calhoun County. Tried below before the Hon. E. M. Tanner, Judge.

Appeal from a conviction for possessing and carrying a seine and net within certain prohibited territory, penalty a fine of twenty-five dollars.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MARTIN, Judge.—An information was filed against appellant under Art. 942 of the Penal Code charging him with unlawfully possessing and carrying a seine and net within certain prohibited territory therein particularly set out.

Appellant was convicted and his punishment assessed at a fine of twenty-five dollars and confinement in jail for thirty days.

Motion was made to quash the aforesaid information because same did not set forth the offense in plain and intelligible words, because same was duplicitous and because same did not negative the exceptions contained in Arts. 942 and 943 of the Penal Code.

The information appears to be in the language of the statute and charges conjunctively a violation of said Art. 942 in three different ways, all included within the terms of said article and

all punishable in the same manner. There is no uncertainty of meaning as to the offense intended to be charged. This information seems to meet the requirements laid down by this court. Branch's P. C., Sec. 510, p. 263, and Sec. 506, p. 259, for full collation of authorities.

Objection was made by appellant to the prosecution of the case against him by an attorney appointed by the court. His bill of exception shows that there was no County Attorney of Calhoun County and that the District Attorney was absent. Art. 31 of the Code of Criminal Procedure expressly authorizes the appointment of an attorney to represent the state when the District or County Attorney fails to attend any term of the District, County, or Justice Court. The information was filed in this case by the District Attorney of Calhoun County.

Under these facts the court did not err in appointing an attorney to prosecute the case. Younger v. State, 76 Tex. Crim. Rep. 243.

It seems that when this case was called for trial the court ordered the sheriff to summon twelve qualified jurors to appear for jury service and that such number did appear in obedience to said summons. By various bills of exception appellant attempts to raise the point that he could not legally be tried before the jury thus summoned, claiming that he was entitled to have a jury selected by a jury commission, as provided by the statute. By express provision of Art. 640 of the Code of Criminal Procedure the court is authorized to order the sheriff to summon such number of qualified persons as it may deem sufficient when for any cause there are no regular jurors for the week. It has been held that where the County Judge intentionally refuses to appoint jury commissioners to select jurors for the term, a substantial right is denied a person who is tried by a jury selected by a sheriff. White v. State, 45 Tex. Crim. Rep. 597. This rule does not apply when through inadvertence or oversight there has been a failure to select jurors by means of jury commissioners. Hurt v. State, 51 Tex. Crim. Rep. 338.

The bills of exception taken fail to show that there was an intentional disregard of the statute for the appointment of jury commissioners and we would have no right to assume, in the absence of such showing, that the County Judge had violated his duty and deliberately refused to comply with the terms of the law.

Believing that the record fails to show error and the evidence is sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant insists that by both this court and the trial court he has been denied a substantial right in the overruling of his challenge to the array of jurors. The point made is that the jurors were not selected by a jury commission but summoned by the sheriff, and that the failure to appoint a jury commission entitled the appellant to set aside the panel. The right to challenge the array and the procedure therefor is set out in Arts. 608, 609 and 641, C. C. P., 1925. The trial judge seems to have been of the opinion that the motion could be sustained only by proof that the sheriff had acted corruptly, and that such proof the appellant disclaimed an intention to tender. Such, it is true, is the language of the statutes mentioned, but in instances where the statutory method of selecting jurors has been arbitrarily disregarded, a motion to set aside the panel will be entertained, and upon sufficient facts sustained. This is the ruling in White v. State, 45 Tex. Crim. Rep. 597. Considering bill No. 8, upon which reliance is had to present the question, in connection with the affidavits filed challenging the array, we find that the appellant set up the fact that no jury commissioners had been appointed; and calling attention to Art. 2104, R. S., 1925, and others, requiring the appointment of jury commissioners at a previous term, he points to Arts. 2109-2116, R. S., stating:

"* * * and says that the array of jurors summoned in this court for the trial of this cause, as summoned by the officer so summoning the said jurors for the trial of this cause in this court on this day, has not been summoned in accordance with the plain and express provision of the law of the State of Texas relative thereto."

Neither in the motion nor in the bill of exceptions is there any statement or averment that the failure to appoint jury commissioners was due to any arbitrary action upon the part of the trial court. The right to set aside the panel for the reasons stated does not accrue where the failure to select a jury commission is due to a good cause, but accrues only when the failure reflects an arbitrary or wilful action upon the part of the trial court. See White v. State, supra; Woolen v. State, 68 Tex. Crim. Rep. 189; Ex Parte Holland, 91 Tex. Crim. Rep. 343;

Sanchez v. State, 94 Tex. Crim. Rep. 606; Gray v. State, 99 Tex. Crim. Rep. 305; Bennett v. State, 95 Tex. Crim. Rep. 422; King v. State, 90 Tex. Crim. Rep. 289; also Art. 640, C. C. P., 1925.

The only averment touching the evidence which the appellant desired to introduce is stated in the bill in these words:

"* * * that the evidence wished to be introduced was as to what the county clerk and the judge of the court, E. M. Tanner, would testify as to the selection of jurors by jury commissioners in the past four or five years and the custom and practice in this court as to such selection of juries by jury commissioners."

This statement is that the appellant expected to show what the witnesses would testify to with reference to the selection of jury commissioners for the past four or five years, and the custom and practice of the court with regard thereto, but fails to state in what respects, if any, the custom and practice of the court were violative of the statutes in question. To entitle the appellant to quash the panel, it was necessary that he introduce testimony to show not only that the court in the present instance had failed to select jury commissioners, but that in doing so his action was wilful or arbitrary. This proof might be made by showing the custom and practice, but in the absence of something in the bill of exceptions showing what the custom or practice was, this court is not authorized to assume that it was other than legal. To invoke a review of the ruling of the trial court, it was necessary that the bill of exceptions show to this court that the ruling was wrong. In the absence of such a showing, the presumption obtains that it was justified.

Appellant, in his motion for new trial is more specific, but the matter relied upon for a reversal is not one that may be preserved by a motion for new trial. The jury, however impaneled, might have acquitted the appellant or rendered a verdict to his entire satisfaction. If so, the verdict would have been binding upon the State. To allow one complaining of an irregularity which would not render the jury void, to first raise the question on the motion for new trial, would accord him the privilege of an experimental trial in which he might be acquitted but took no chance of a legal conviction. We will say that the custom and practice of ignoring statutory provisions with reference to the appointing of jury commissioners has never received the sanction of this court, but is condemned in the cases mentioned above, notably, White v. State, Woolen v. State, and others. If, pursuant to a general custom, the trial court ignored the statute requiring the appointment of a jury commission, this court would not hesitate to reverse the judgment, pro-

vided the motion was made *in limine* and in a bill of exceptions showing that the proof was, tendered was preserved and the matter brought forward in a condition authorizing its review.

The motion for rehearing is overruled.

*Overruled.*