## D. C. Day v. The State.

No. 14202.   Delivered June 3, 1931.
Rehearing Denied November 13, 1931.

The opinion states the case.

*Frank Judkins,* of Eastland, for appellant.

*Lloyd W. Davidson, State's* Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possessing intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

A witness for the state testified, in substance, as follows: He saw appellant drive a Buick sedan to the back door of W. M. Armstrong's house and stop. Accompanying appellant was a woman, Madalyn Day. Appellant was sitting under the steering wheel driving the car. Appellant and Madalyn Day got out of the car and went into the house. The witness was in view of the car until the officers searched it. No one approached the car after appellant and Madalyn Day left it until the officers instituted a search.

Upon searching the car, officers found forty-two gallons of whisky and two half-pint bottles of whisky. There were four half-gallon jars of whisky in plain view, no effort having been made, apparently, to cover them up. The balance of the whisky was covered with a laprobe. A bank book belonging to appellant was found in the car, as was also appellant's hat. Just as the officers began to make the search one of them saw appellant going out of the back door of the house. The officer ran around the house and placed appellant under arrest. It appears from the state's testimony that the automobile was registered in the name of Madalyn Day. When the officers arrested Madalyn Day she told them her name was Margarette Bryant.

Appellant offered no testimony.

Before announcing ready for trial appellant filed his motion to quash the jury panel. It appears that the jury had been drawn from the

"wheel as provided in article 2094 of the Revised Statutes of 1925, as amended by the Acts of the Forty-first Legislature, 1929, which provides for "the jury wheel system" in counties having a population of at least 58,000 or having therein a city of at least 20,000 population, as shown by the preceding federal census. Eastland county had been under the jury wheel system, but in 1930, according to the federal census, showed a population of only 33,981, and had no city containing a population of 20,000. The court sustained the motion to quash and directed the sheriff to summon the jury for the week. The sheriff took the list of the panel that had been quashed and summoned its members as jurors for the week. The court did not direct the sheriff to take this action, it being done on his own initiative. Appellant then made a motion to quash the panel summoned by the sheriff on the ground that they had not been selected by a jury commission. The bill of exception fails to show the date when the census for Eastland county was announced. Whether it was announced prior to or after the jury had been drawn from the wheel is not disclosed. The trial took place on the 15th day of October, 1930, the same year the census was taken. There is nothing in the bill of exception to show that the failure to appoint a jury commission was due to any arbitrary action on the part of the trial court. The right to set aside the panel because its members have been summoned by the sheriff instead of being selected by a jury commission does not accrue where the failure to select a jury commission is due to a good cause, but accrues only where the failure reflects an arbitrary or wilful action on the part of the trial court. Butler v. State, 108 Texas Crim. Rep., 177, 299 S. W., 420, and authorities cited. We find nothing in the bill of exception reflecting an arbitrary or wilful action on the part of the trial court in failing to appoint a jury commission at the preceding term.

It is recited in bill of exception No. 10 that the court refused to permit appellant to introduce in evidence a certified copy of a mortgage note executed by Madalyn Day to Roy Mumow of date July 15, 1930, showing that Madalyn Day had mortgaged the car in question as its sole owner. State's witnesses testified that they had made an investigation for the purpose of ascertaining who owned the car, and that they had found that it belonged to Madalyn Day. They said it was registered in her name. If the court was in error in rejecting the mortgage, we are unable to see how it could have harmed appellant, in as much as the undisputed testimony showed that the car belonged to Madalyn Day.

Appellant sought to have the court instruct the jury that if they believed that the automobile belonged to Madalyn Day they would acquit him unless they found beyond a reasonable doubt that after the liquor was placed in the automobile appellant exercised some character of care, custody or control over said car and its contents. We do not believe the evidence called for the charge. It was undisputed that appellant drove

the automobile, and that the whisky was in the car in a position where he could not keep from seeing it during the time he was driving. The state's testimony that appellant was exercising actual care, custody and control of the automobile and the whisky was undisputed.

The court defined principals as those who are guilty of acting together in the commission of an offense, but made no attempt to apply the law of principals to the facts. Appellant excepted to the charge on the ground that it, in effect, told the jury he had acted as a principal with another and was an intimation and insinuation that he aided some other person in the commission of the offense; and, further, he excepted on the ground that the court failed to apply the law of principals to the facts in evidence. The state did not rely upon the law of principals for a conviction. It relied upon appellant's act in driving the car containing a large amount of whisky, some of which was uncovered and within his view. The evidence being uncontroverted that appellant and Madalyn Day were joint possessors of the whisky, it seems obvious that there was no necessity for a charge on the law of principals. If the charge was erroneous, to order a reversal under the facts reflected by the record would, in our opinion, do violence to the statute inhibiting a reversal of a conviction on a charge not calculated to injure the rights of the accused. Durham v. State, 112 Texas Crim. Rep., 395, 16 S. W. (2d) 1092.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The jury panel drawn from the jury wheel was quashed upon appellant's motion on the ground that there was no city in Eastland county, as shown by the census of 1930, which contained a population of 20,000 people. The sheriff, upon order of the court, summoned a jury. Appellant moved to quash this second panel for the reason that the sheriff summoned the same men who were on the original panel, they having been asked by the court to remain after the first panel had been quashed. This does not appear to us tantamount to an order from the court to the sheriff to summon these jurors. Nor do we think the action of the court in having the jury drawn from the wheel originally an arbitrary or wilful disregard of the law authorizing the appointment of jury commissioners in counties having no city with a population of 20,000. In Butler v. State, 108 Texas Crim. Rep., 177, 299 S. W., 420, referred to in our original opinion, we said:

"To entitle the appellant to quash the panel, it was necessary that he

introduce testimony to show not only that the court in the present instance had failed to select jury commissioners, but that in doing so his action was wilful or arbitrary."

There is nothing in this record suggesting that at the July term of the trial court at which, if at all, jury commissioners should have been appointed to draw juries for the succeeding September term thereof (at which term appellant was tried) the trial court knew personally that a final report of the Federal Census Director had been filed at Washington, D. C., in which it appeared that Eastland county, Texas, had no city therein of 20,000 population. It was not shown that the court below had actual knowledge of the filing of the census report, or the result of such census. We do not think the failure of a court to follow and be governed by the official report of some officer of some department of the Federal government, filed at the seat of our National Government a few days at most before the action of the court complained of, of which he had no actual notice, could be deemed arbitrary or wilful.

A thing is wilful, as defined by our courts, when it is "With evil intent or legal malice." Thomas v. State, 14 Texas App., 204; Henderson v. State, 53 Texas Crim. Rep., 533. Arbitrary, according to Webster's International Dictionary, is "Despotic; bound by no law; harsh and unforbearing; tyrannical." As said in 131 Ga., 166, Central Georgia Ry. v. Mote: "Arbitrary is fixed or done capriciously, or at pleasure; without adequate determining principle; non-rational; not done according to reason."

The failure of the trial court to appoint jury commissioners not having been wilful or arbitrary, there was no wrong in his order directing the sheriff to summon jurors to fill the panel from which jurors were obtained that tried appellant.

The evidence in this case showing without dispute that the car driven by appellant was also occupied by a woman bearing his name, and shown by evidence to have the same residence address as appellant,—in which car was the whisky charged as being illegally possessd by appellant,—we perceive no possible injury to appellant from the fact that in his charge the court told the jury that all persons who acted together in the commission of a crime were principals. He had just before in the charge told the jury that if they believed beyond a reasonable doubt that appellant, either alone or acting with another, had the actual care, control and management of the whisky in question, etc.

Whether the title to the car here involved was in appellant, D. C. Day, or in the woman mentioned Madalyn Day, would seem under the facts in this case one of immateriality. Without dispute appellant sat in the driver's seat and drove the car on the occasion in question. Proof that the car had been theretofore sold to Madalyn Day, and the mort-

gage and notes given by her, would appear to shed no light on the question of who possessed the whisky in the car.

We think the special charges set out in bills of exception 5 and 6 were unnecessary in view of what the court told the jury in the main charge,—and that there was no testimony calling for the charge set out in bill of exception No. 7.

In the original opinion herein possibly by stenographic error, or at most by inadvertence, there was a mis-statement as to the quantity of whisky in the car. We said it had forty-two gallons when we should have said it had forty-two half-gallons. The amount of liquor illegally possessed does not affect the penalty. The facts were for the jury.

The motion for rehearing will be overruled.

*Overruled.*