### WEBB et al. v. DAMERON et al.
### No. 5943.

Court of Civil Appeals of Texas. Amarillo.
March 7, 1949.

Rehearing Denied April 4, 1949.

582

Simpson, Clayton & Fullingim, of Amarillo, and James W. Witherspoon and John D. Aikin, both of Hereford, for appellants.

Crenshaw, Dupree & Milam, of Lubbock, and O. L. Bybee, of Hereford, for appellees.

LUMPKIN, Justice.

This appeal is from a judgment in which the trial court refused to enjoin the appellees, W. E. Dameron, J. H. McCraken and Lyle Blanton, Mayor and City Councilmen of the City of Hereford, Texas, and the City of Hereford, a municipal corporation, from placing a city sewage disposal plant in the proximity of properties belonging to the appellants, Don Webb and C. B. Thomas. Trial was to a jury, but after the appellants had presented their evidence and rested, the court granted appellees' motion for an instructed verdict. Judgment was entered denying appellants' application for an injunction. The appellants excepted to the action and judgment of the court, perfected their appeal, and the case is now before this court for review.

In April, 1946, the people of the City of Hereford voted to issue bonds for the purpose of erecting a new sewage disposal plant replacing their old and wholly inadequate system. The 34 acres of land on which the City Council· elected to build the proposed plant are located about seven-tenths of a mile east of the City of Hereford and originally was part of a 400 acre tract owned by Deaf Smith County. The 34 acres were acquired by the City, and the remainder of the tract ·was acquired by veterans' organizations as the site of a park to be known as Veterans' Memorial Park. The park, which is situated between the city limits and the site of the new disposal plant, is planned as a recreational center for the community and the people of the· Hereford area ·generally. The Tierra Blanca Creek runs through the park and disposal plant site. The proposed plant will be downstream from the park.

The type of sewage disposal plant selected by the City Council is used extensively in West Texas and is called the Imhoff Tank and Pond Aeration Contact System. Such a system consists of an Imhoff Tank and several Aeration Ponds. The Imhoff Tank is a large concrete basin, which by· the use of compartments separates the solids in the sewage from the liquids. These solids are stabilized by bacteria and aging. The remainder of the sewage contains suspended matter. This liquid is placed in the ponds, where, through a bacterial cycle of aging and oxidation, the suspended matter is stabilized to an extent that the State Health Department will permit it to pass into a water course or stream. The ponds are open and in operation give off objectionable odors and gases. At the time this suit was filed, the plans for the Hereford plant had been completed and construction was underway.

A house belonging to the appellant Webb is located approximately 215 feet east of the proposed ponds; the property of the appellant Thomas is across a road and north of the Webb property and is situated about 300 feet east of the proposed ponds. The value of appellant Webb's property is estimated at $30,000; whereas the value of appellant Thomas' property is fixed at $16,000. Stockyards, feeding pens, a dairy, a packing house, and a railroad stockyard reservation are located to the north and east of appellants' properties. Other than appellants' houses, there are no residences in the near vicinity of the new sewage disposal plant.

According to the appellants' original petition, the ponds would give off violent and offensive odors and serve as a breeding place for flies, mosquitoes and other insects to the detriment of appellants' health; that the new plant will constitute a nuisance to the appellants and their families and will confiscate their properties without due process of law; that there are other possible sites for this plant which would not interfere with appellants' properties or appellants' use of their properties; and that it is possible to construct sewage disposal plants which do not discharge fumes and odors. The appellants pleaded that the City Council in building the plant in the proximity of appellants' properties will be taking appellants' properties within the purview of Article 1, Section 17, Constitution of Texas, Vernon's Ann.St., and that the City of Hereford has acted arbitrarily and capriciously in selecting the site on which to locate the Imhoff Tank and the Aeration Ponds.

In support of their allegations the appellants introduced four witnesses: a consulting engineer, a local realtor, and the two appellants themselves. From the testimony of these witnesses it appears that about ninety percent of the time the prevailing winds are from the southwest; that before construction began on the plant, the appellants protested its location to the members of the City Council saying that a sewage disposal plant in the near vicinity of their properties would reduce their value. Mr. George P. Green, a sanitary engineer employed by the appellants, pointed out two sites within the Veterans' Memorial Park as suitable locations for a sewage disposal plant. Neither of these sites was in the proximity of appellants' properties. He stated that the costs of construction would be less if the plant was located at either of these sites than it would be if the Imhoff Tank and ponds were placed near appellants' properties; that it was possible to build disposal plants which give off no odors during operation. All of this infor-

mation was made available to the members of the city council prior to the time they selected the 34 acre tract as the site for the new plant.

■ The legislature has granted incorporated cities and towns the right of eminent domain in selecting and appropriating sites for sewage disposal plants. Articles 1107, 1108, and 1109b as amended, Vernon's Annotated Civil Statutes. Necessarily a broad discretion is vested in those to whom power of eminent domain is delegated, and as a general rule the courts of this country will not disturb their action in the absence of fraud, bad faith, or gross abuse of discretion. Wilton et al. v. St. Johns County, 98 Fla. 26, 123 So. 527, 65 A.L.R. 488.

■ If the appellants can prove either of their contentions, i.e., that the City of Hereford is taking their properties contrary to the constitutional provision, or that the City Council in selecting the site for the open ponds is acting in an arbitrary and capricious manner, then the appellants are entitled to injunctive relief. If, however, their land has not been taken, as that term is defined by our courts, and the city has not acted arbitrarily or capriciously in locating the disposal plant, then they are not entitled to the relief sought. Stone v. City of Wylie et al., Tex.Com.App., 34 S.W.2d 842.

Our courts have drawn a distinction between the taking of property, within the meaning of the constitutional provision, and the damaging of property. We quote the pertinent portions of Article 1, Section 17, of the State Constitution: "No person's property shall be taken * * * for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money * * *."

■ The word taken implies an actual physical invasion or appropriation of property; damaging imports that property has been injuriously affected without appropriation of, or intrusion upon, the land itself. An injunction will issue to restrain a threatened taking of property, where compensation has not been made in advance; but where property is threatened with injury only (which may be repaid by damages), an injunction will not issue to restrain the progress of the work. McCammon & Lang Lumber Co. et al. v. Trinity B. V. R. Co., 104 Tex. 8, 133 S.W. 247, 36 L.R.A.,N.S., 662, Ann.Cas.1913E, 870; Duvall v. City of Dallas et al., Tex. Civ.App., 27 S.W.2d 1105, writ refused; Tarrant County Water Control & Improvement Dist. No. 1 v. Reid, Tex.Civ.App., 203 S.W.2d 290, writ refused, n.r.e., and the cases there cited. The evidence does not show a physical invasion or appropriation of appellants' properties by the appellees; therefore, under the authorities cited, the appellants have failed to prove that their land was taken within the meaning of the constitutional provision.

In determining whether the appellees' action was arbitrary or capricious in locating the new sewage disposal plant near appellants' properties, we must be guided by the definitions given these words by the courts.

In many respects the words arbitrary and capricious are synonymous. The word capricious means freakish, whimsical, fickle, changeable, unsteady, and arbitrary. Texas Liquor Control Board v. Floyd, Tex.Civ. App., 117 S.W.2d 530. Arbitrary is defined as fixed or done capriciously or at pleasure; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; tyrannical; despotic. Corneil v. Swisher County et al., Tex.Civ.App., 78 S.W.2d 1072. Arbitrary means bound by no law, harsh and unforebearing. Day v. State, 118 Tex.Cr.R. 244, 42 S.W.2d 1013. The Supreme Court of Washington has defined these two words in the following language: " 'These terms * * * must mean willful and unreasoning action, action without consideration and in disregard of the facts and circumstances of the case. Action is not arbitrary or capricious when exercised honestly and upon due consideration, where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached.' " In re Persons Employed at St. Paul & Tacoma Lumber Co., 7 Wash.2d 580, 110 P.2d 877, 883, quoting Sweitzer v. Industrial Ins.

Commission of Washington, 116 Wash. 398, 199 P. 724.

The appellants do not contend that the City of Hereford, acting through its council, lacked the authority to choose a site for a sewage disposal plant, nor is it insisted that the appellees acted maliciously, spitefully, or through fraud, or with the sole intent to injure the appellants in the use and enjoyment of their properties. The appellants neither pleaded nor proved that the plant would be improperly constructed or improperly operated after construction. The fact that the appellants protested the action of the City Council and that the City Council selected the site for the disposal plant with full knowledge of the effect such a selection would have on appellants' properties indicates that the City Council acted after due deliberation and after considering other possible sites, costs of construction, and the effect the selection of either of the recommended alternate sites would have on the Veterans' Memorial Park. Surely such action could not be termed "freakish" or "changeable" or "not founded in the nature of things" or not done according to reason or judgment and without regard for the facts and circumstances of the case, as these terms have been used to define arbitrary and capricious. The consulting engineer, employed by the appellants, stated that he had no objection, from an engineering point of view, to the site selected by the City Council, and that the proposed site was just as feasible as any he could suggest in so far as the treatment of the sewage was concerned. Because of the odors and gases given off by the open ponds, the engineer recommended either of two sites, neither of which was in the proximity of appellants' properties.

 Whatever merits the engineer's recommendation may have, it was, nevertheless, beyond the trial court's scope of authority, as it is beyond that of this court,

to subject to judicial cognizance the action of the City Council in selecting a site for a sewage disposal plant. As stated by our Supreme Court in Housing Authority of City of Dallas et al. v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 88, 130 A.L.R. 1053, "The law is well established in this state that where the power of eminent domain is granted, a determination by the condemner of the necessity for acquiring certain property is conclusive in the absence of fraud * * * [and] 'When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance.'" A landowner may not object merely because some other location might have been suitable for the purpose. Wilton et al. v. St. Johns County, supra. The selection of a site for a sewage disposal plant is a matter addressed to the sound discretion of a city's governing body; and the action of the City Council in such a matter will not be reviewed by the courts of this state unless it can be shown that the council abused its discretion by acting arbitrarily, capriciously, or fraudulently. Stone v. City of Wylie et al., supra; Massie v. City of Floydada, Tex.Civ.App., 112 S.W.2d 243; Bright et al. v. City of Corpus Christi et al., Tex.Civ. App., 172 S.W.2d 763. There is nothing in the record which shows that the action of the City Council was despotic or whimsical, or fraudulent or that it was not in the public interest.

Since the evidence, in our opinion, fails to show that appellants' properties were taken without compensation or that the appellees acted arbitrarily or capriciously in selecting the site for the plant, there was nothing to submit to the jury; and, therefore, the trial court did not err in granting appellees' motion for an instructed verdict. We have carefully read the record in this case. Finding no error, we overrule appellants' points of error and affirm the judgment of the court below.