# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS
**ATTORNEY GENERAL**


November 22, 1961

Honorable Ed H. McLaran
County Attorney
Madison County
Madisonville, Texas

Opinion No. WW-1197

Re:  Construction of
     Article 2109 V.C.S.
     relative to appoint-
     ment of jury commission-
     ers

Dear Mr. McLaran:

You have requested the opinion of the Attorney General construing Article 2109, Vernon's Civil Statutes which reads as follows, excluding the oath provision:

"The county court shall, at its first term after the last day of December and the last day of June of each year, appoint three jury commissioners for said court, having the same qualifications as jury commissioners for the district court. The same proceedings shall be had in the county court by its officers and said commissioners to procure jurors as are required by this title for similar proceedings in the district court, except as modified by the provisions of this article.

" . . . .

"2. To select jurors.--Said commissioners shall select jurors for all the terms of the county court to be held within six months after the adjournment of the first week of said court after the dates first named. The county judge shall designate the number of jurors to be so selected for each term and week."

Your problem is to determine for which terms a given set of jury commissioners is to choose jury panels, and you suggest that in a county which has four terms in a year, namely January, April, July and October terms, that the commissioners chosen in January are to select jury panels for April and July terms and the July commissioners are to select panels for October and January terms.

It is clear that a given set of commissioners

must choose jurors for a six-month period since only two sets of commissioners are provided.

The Statute provides for the selection of jury panels "for all the terms of county court to be held within six months after the adjournment of the first week" of the County Court.  This is subject to two interpretations.

The first view is as you suggest, namely that panels be drawn for the terms beginning within six months after the adjournment of the first week of the County Court.

The second view is that the words are to be taken as literally as possible and that the panels are to be chosen beginning with the second week of the term current with the instant jury commissioners.

If the latter were the law, it would be impossible to have a jury trial during the first week of the County Court term .  Such a situation would be of doubtful constitutionality because of the right to speedy trial and the right to trial by jury.  The early weeks of the County Court term would be attended by difficulties in securing jurors because of the short time between selection and summoning of jurors.  In addition, the Statute does not require that the jury commissioners be appointed the first week of the term, thus there could be a considerable lag in the business of the Court pending the selection of the jury.

It follows that the first view must be the law since the second view must be rejected.

We do not think a jury panel is subject to quashing because of minute variations in the terms for which such panel was chosen in the absence of a showing that there was willful disregard of the requirement that jurors be chosen by commissioners, Butler v. State 108 Tex. Crim. 177, 299 SW 420 (1927).

## S U M M A R Y

Where the County Court has four terms a year, January, April, July and October, Article 2109 V.C.S. requires the appointment of jury commissioners during the

January and July terms to choose
jury panels for the April and July
terms and the October and January
terms respectively.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John E. Leonarz
Assistant Attorney
General

JEL:bjh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Pat Bailey
William Colburn
Howard Mays
Dudley Mc Calla

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Houghton Brownlee, Jr.