NAVISTAR INTERNATIONAL CORPORATION, Appellant,

v.

Bertha S. VALLES, et al., Appellees.

No. 08–87–00065–CV.

Court of Appeals of Texas, El Paso.

Aug. 26, 1987.

Larry W. Hicks, Cynthia Osborn, Larry W. Hicks & Assoc., El Paso, for appellant.

John A. Cowan, Paul W. Dudley, Dudley, Dudley, Collins & Windle, Stephen Hernsberger, El Paso, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

**6**

## OPINION

WOODARD, Justice.

This is an appeal from a judgment awarding a $10,000.00 guardian ad litem fee to Attorney H. Tati Santiesteban. Plaintiff, pursuant to a settlement agreement for the wrongful death of her husband, received $160,000.00 and her five minor children received a total of $50,000.00. In addition, four adult children received $2,500.00 each. One of the defendants, Border Machinery, Inc., was to pay twenty-nine percent of the $10,000.00; Appellant/defendant Navistar International Corporation was to pay seventy-one percent. Appellant Navistar contends the trial court abused its discretion. Appellees filed no brief. We affirm in part, and reverse and remand in part.

▇▇▇▇ If a judge were to act willfully, i.e. with evil intent or legal malice; or arbitrarily, i.e. outside the law, irrationally or capriciously, *Day v. State,* 118 Tex.Cr.R. 244, 42 S.W.2d 1013 (App.1931); or unreasonably, i.e. without consideration and in disregard of facts and circumstances of the case, he would abuse his discretion. If reasonable minds could differ as to the result, the decision would not be unreasonable or arbitrary. *Grand International Brotherhood of Locomotive Engineers v. Wilson,* 341 S.W.2d 206 (Tex.Civ.App.— Fort Worth 1960, writ ref'd n.r.e.).

▇▇▇▇ The necessities of judicial administration require that courts of first instance be vested with a large measure of discretion in passing upon various matters which cannot, in their nature, be effectively reviewed on the cold record transmitted to the appellate court. 5 Am.Jur.2d Appeal and Error, sec. 772, at 215. A judge is presumed to have acted within his discretion unless the record discloses to the contrary. It must be a clear abuse of discretion apparent from the record. *Finn v. Finn,* 658 S.W.2d 735 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).

▇▇▇▇ In *Transport Insurance Company v. Liggins,* 625 S.W.2d 780 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.), it was held that no evidence was required to support the court's award of attorney's fees to the attorney ad litem. The burden of proof rests upon a litigant asserting abuse of discretion to develop the transaction and affirmatively show such abuse of discretion. *Finley v. Finley,* 410 S.W.2d 818 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r. e.).

▇▇▇▇ In this case, no evidence of extent, character, time or value of work done by the ad litem was developed, except for a general unsworn chronicle set forth in a brief written report filed by the ad litem. It was established in the examination of the Appellee by the ad litem that there had been a conference between the two. Oddly enough, no findings of facts or conclusions of law were requested. However, Appellees' failure to file a brief compels us to accept the facts alleged by Appellant in its brief. In so doing, we find insufficient evidence to support the judgment. *Barnhill v. Moore,* 630 S.W.2d 817 (Tex.App.— Corpus Christi 1982, no writ). Point of Error No. Two is sustained.

A motion for new trial was duly filed on the grounds of no evidence to support the $10,000.00 award as reasonable. This is analogous to pleading the award is in disregard of the facts and circumstances of the case and therefore an abuse of discretion.

The court set the matter for hearing for January 16, 1987, but then, sua sponte, entered an order denying Appellant's motion without hearing on January 8, 1987.

▇▇▇▇ Because one who asserts abuse of discretion has the burden to develop the evidence of such, the hearing at the motion for new trial provides a necessary mechanism to achieve the task. The Appellant was unaware of the amount of fee until the pronouncement of judgment and could not be expected to develop the evidence without some time for preparation. Just as in cases of jury misconduct, newly discovered evidence or failure to set aside a judgment by default, we believe that a complaint on which evidence must be heard under a motion for new trial includes the complaint of

abuse of discretion under these circumstances.

So much of the judgment that awards the $10,000.00 guardian ad litem fee is reversed and remanded. The balance of the judgment is affirmed.