JOHN BURNS, APPELLANT, VS. JOHN P. SANDERSON AND JANE BURNS, APPELLEES.

1. Where a decree of divorce has been passed, an appeal taken, and supersedeas awarded, a court of equity should not award an injunction to control the operation of the supersedeas.

2. Where the legal estate is in the trustee, actions founded upon the legal title must be brought in his name. So also has the trustee the right at law to institute all proceedings authorized by statute or otherwise, to redress injuries to his possession, and to evict defaulting tenants.

3. That defendant "has interfered and intermeddled with the property, and still continues to do so, and has and still continues to forbid the tenants and lessees to pay the rents to the plaintiff, and has forcibly entered one of the buildings on the premises," does not lay a foundation for an injunction. There are clear remedies at law for a failure of a lessee to pay rent. The forcible entry is remediable at law also, and the terms "interfering and intermeddling" do not disclose a case of threatened trespass, accompanied with irreparable injury or other circumstances calling for the aid of a court of equity.

This is an appeal from the Circuit Court for Duval county. The case is fully stated in the opinion of the court.

*Bisbee & Archibald* and *J. B. C. Drew* for Appellants.

*Sanderson & L'Engle* for Respondents.

WESTCOTT, J., delivered the opinion of the court.

John Burns, the husband, and Jane Burns, his wife, join in the execution of a deed of conveyance of the separate property of the wife to John P. Sanderson, in trust, to collect and apply all the rents, issues and profits thereof to the sole, separate and exclusive use of the wife during her life, the said trustee to have, as is expressed in the deed, " full power and control of the premises, and to enter upon and evict therefrom any tenant whatsoever, even the husband." The separate acknowledgment of the wife to the deed was not taken at the date of its execution by the parties, but sometime subsequent thereto. After the execution of this deed the wife files a bill for divorce, which the chancellor decrees upon the hearing. From this decree an appeal is taken to the Supreme Court by the husband, and the decree of divorce is superseded. The bill alleges that before and subsequent to this decree the husband " has interfered and intermeddled with the property and still continues to do so, and has and still continues to forbid the tenants and lessees to pay the rents thereof to the wife or to the trustee, J. P. Sanderson, for her use, and has forcibly entered one of the buildings on the premises without the consent of the wife or of the trustee."

There is much stated in the pleadings as to the capacity of the parties to labor, the amount of labor they do and have performed, and like matter, all of which is immaterial and unnecessary. The prayer of the bill is, " that the husband, his agents, attorneys and lessees, may be restrained during the pendency of the appeal in the divorce, and until the suit for divorce shall be finally disposed of, from interfering or intermeddling with the property, and from leasing or attempting to lease the same or any part thereof, and from collecting or attempting to collect the rents thereof, and from using, entering, occupying, or in any way asserting or exercising any possession or right of possession of the said

premises." Upon the filing of the bill, and after answer, the injunction was granted. From this order granting an injunction this appeal is prosecuted.

It is entirely unnecessary to examine in this case any of the questions in reference to the deed or other matters raised in the answer; for, granting that the case is, as stated by the bill, and without reference to the answer, the remedy to the extent that a wrong is disclosed in the bill, is at law and not in equity.

As to the appeal in the divorce suit, the results produced by superseding the decree in this independent and distinct suit, whatever they may be, cannot be controlled by an injunction. The result of the supersedeas must stand until the appeal is determined. The chancellor, having rendered a decree in one case, and that decree having been superseded by an appeal, cannot, in an independent proceeding, control or destroy the effect of the supersedeas. There is a class of cases where courts of equity will take action in reference to rents and profits under peculiar circumstances, after the legal title has been established at law. Thus, if after a recovery in ejectment at law, the plaintiff is prevented by an injunction in equity from enforcing his judgment, and he has no remedy at law for the rents, a court of equity will entertain a bill for an account. So also where a party has recovered at law in ejectment in a State court, and a *certiorari* issues improvidently from a court of the United States at the instance of the failing party, who is in possession, and a State court, to prevent a conflict and out of comity, suspends execution of its judgment, there the State court should, under certain circumstances, secure the rents through the appointment of a receiver. The distinction between the case now under consideration and this class of cases, is manifest.

The acts of the husband in reference to this property, which plaintiff thinks justifies the interference of a court of equity, are, in the language of the bill, " that he has interfered and intermeddled with the property and still continues

to do so, and has and still continues to forbid the lessees to pay the rents thereof to the wife or to the trustee for her, and has forcibly entered one of the buildings on the premises."

If the effect of the deed is not to divest the husband of his right to manage the separate property of the wife without liability to account for the rents and profits, then these acts constitute no wrong. If the effect of the deed is to pass the legal estate to the trustee, and enables him to apply the rents to the use of the wife, then it is his right, and he should take possession of the estate and give notice to the tenants to pay him the rents, and every action founded upon the legal title should be brought by the trustee, or in his name.

The remedy for the forcible entry, if it is a wrong, is at law, and whether it is a wrong the court of law should determine. The terms "interfering and intermeddling with" the property are so general that it is impossible for the court to determine whether the acts do or do not amount to a trespass. If they do amount to a trespass, and the deed enables the trustee to maintain trespass, and he is otherwise in a condition so to do, then it is only under very peculiar circumstances that a court of equity would prevent trespass by an injunction. Eden on Injunc., 233–35. The bill does not allege that irreparable damage or mischief will ensue, nor does it state the facts complained of so that the court may form its own conclusion in reference thereto, except in so far as it alleges that he "has forbid the lessees to pay the rents to the wife or to the trustee." 7 Ga., 49; 5 Cal., 119; 10 Ind., 117; Hill on Inj., 319 to 322.

If the lessees fail to pay the rent to the party who is entitled to receive, the party entitled to receive has his action at law to recover the rent, as well as to dispossess them. In addition, it may be remarked that the answer sets up that the premises, the *locus in quo*, have been the subject of a proceeding by the trustee to recover possession, and that after trial the right of possession was determined in favor of the

husband.   The court of chancery could not properly reverse such a judgment, however erroneous it may have been, and with such a statement in the answer, thus accounting for the possession of the defendant, no injunction to restrain a trespass or the enjoyment of possession should have been granted.

The interlocutory decree rendered in this case is reversed, the injunction dissolved, and the case remanded with directions to dismiss the bill.