## A. J. CHANDLER ET AL. V. CITY OF OLNEY.

No. 6478. Decided November 13, 1935.
(87 S. W., 2d Series, 250.)

*Taylor, Muse & Taylor,* of Wichita Falls, and *Fred Arnold,* of Graham, for plaintiffs in error.

On proposition that plaintiffs were entitled to damages and injunction: Royalty Co. v. Strange, 220 S. W., 421; City of Fort Worth v. Crawford, 12 S. W., 52; Texas Gulf Sulphur Co. v. State, 16 S. W. (2d) 408; City of Pittsburg v. Smith, 230 S. W., 1113.

*E. G. Thornton,* of Olney, and *Marshall & King,* of Graham, for defendants in error.

The testimony was insufficient to sustain a verdict for

damages. Childress v. Crow, 185 S. W., 414; 46 C. J., 676, sec. 45, 734, sec. 313.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The City of Olney, defendant in error here, owns a sewage disposal plant situated a short distance from the city limits. According to the finding of the jury in this case, the city allowed a discharge of sewage from this plant into Salt Creek. Plaintiffs in error, A. J. Chandler and wife, owned a farm about 4½ miles from the City of Olney. The creek runs within a short distance of their residence. The jury further found that the discharge from the sewage disposal plant resulted in a pollution of the waters of Salt Creek at the point where it passes the residence of plaintiffs in error, and found that plaintiffs in error were damaged in the sum of $250.00 because of discomforts and annoyance by reason of the disagreeable and noxious odors which invaded their home. All other elements of damage were found against them by the jury and the trial court. The district court, however, awarded an injunction against the city and its officers and employees, restraining them from in any manner thereafter polluting the waters of Salt Creek. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the city, thus denying plaintiffs in error any relief. 57 S. W. (2d) 323.

While the Court of Civil Appeals in its opinion speaks of the insufficiency of the evidence on the issue of damages for discomforts and annoyance, yet we construe the opinion as holding, as disclosed by subdivision 2 of the syllabus, to be that "mere inconvenience from odors unaccompanied by other injury is not ground for damages."

Article 698 of the Penal Code makes it unlawful for a municipal corporation to pollute any water course by the discharge of any sewage or unclean water or unclean polluting matter therein. The jury found that the waters of Salt Creek had been polluted by the city, and it cannot be questioned that the city was liable to plaintiffs in error for such damages as they suffered as a direct and proximate result of such pollution. City of Corsicana v. King, 3 S. W. (2d) 857; City of Wylie v. Stone, 16 S. W. (2d) 862 (Com. App.), 34 S. W. (2d) 843; City of Wichita Falls v. Whitney, 26 S. W. (2d) 327. In this case the evidence was amply sufficient to carry to the

232

jury the question of damages to plaintiffs in error on account of discomforts and annoyance in the enjoyment of their home. They could recover damages for such discomforts and annoyance, notwithstanding the absence of other damages. Daniel v. Ft. Worth & R. G. Ry. Co., 96 Texas, 327, 72 S. W., 578, and the authorities cited above.

■ We are of the opinion, however, that plaintiffs in error wholly failed to allege and prove a case entitling them to an injunction. The operation of the sewage disposal plant is of such dominant and essential importance to the general welfare of the people that a city should not be interfered with in the operation thereof by injunction, except in cases of necessity, where it is evident that relief can be afforded without material interference with public affairs, and then only when adequate and proper relief cannot be afforded in some other way. Boyd v. City of San Angelo, 290 S. W. 833; Cardwell v. Austin, 168 S. W., 385.

The judgment of the Court of Civil Appeals in so far as it reversed the judgment of the trial court awarding plaintiffs in error $250.000 in damages is hereby set aside and the judgment of the district court in this respect is affirmed. The judgment of the Court of Civil Appeals in reversing the judgment of the trial court and dissolving the injunction against the city is affirmed.

Defendant in error should pay all costs of appeal in this court, and plaintiffs in error should pay all costs in the Court of Civil Appeals.

Opinion adopted by the Supreme Court November 13, 1935.