CITY OF LAKELAND, FLORIDA, v. J. G. DOUGLASS.

197 So. 467
En Banc
Opinion Filed July 23, 1940

*J. P. Marchant,* for Plaintiff in Error;

*John S. Edwards,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of the plaintiff in an action in which plaintiff sued a municipal corporation for alleged damages resulting from defendant's action in that as is alleged in effect:

That the City of Lakeland has a disposal plant for the disposal of its sewerage and garbage situated on certain described land within the city limits of the City of Lakeland; that through the disposal plant the sewerage from the city passes to its sewerage system; that there is a canal running through Sections 4 and 9 in Township 29 South, Range 24 East, and extending to Banana Lake; that there

is flowing water running through the canal to the lake; that the municipality, in violation of law and the rights of plaintiff, turned the sewerage of the city through a sewer belonging to the City and running from the disposal plant into that canal; that the sewerage so thrown into the canal runs down the canal into Banana Lake; that the sewerage thus thrown into the canal by the defendant is full of filth and deleterious matter and that the same is cast into the said canal and into the said lake, contaminating the waters of said canal and said lake; that said polluted sewerage settles in the said canal and in the said lake at the mouth of said canal and has been allowed to so settle in said lake at the mouth of the canal until now it is some three or four feet in depth; that the sewerage thrown into said canal and into said lake has poisoned the waters of said canal and of said lake so that all of the top minnows that would destroy the larvae of the mosquitoes in said lake adjacent thereto are killed by the poisonous gases from said sewerage. That because said top minnows are destroyed and because of the deleterious matter thrown into said canal by said City of Lakeland millions of mosquitoes are bred in the canal and in said lake adjacent thereto, and because of the deleterious matter thrown into said canal and into said lake flies breed and that because of conditions so pleaded the property and home of the plaintiff is infested by great swarms of mosquitoes from which it is impossible for plaintiff to protect himself, his family and his home; that the filth deposited in the lake by said City of Lakeland produces obnoxious odors and gases. That said odors are so repugnant and repulsive that when the wind blows toward the home of this plaintiff it is impossible for plaintiff and his family to stay in their home on the property which property is adjacent to Banana Lake and near to the canal

and is one and one-half miles from the corporate limits of the City of Lakeland.

The declaration also alleges that the health of plaintiff and his family by reason of conditions above mentioned, is threatened with malaria from mosquitoes and with typhoid fever and other diseases from contamination by the flies forming in said filth in said canal and in said lake. That because of these conditions the plaintiff is suffering from malaria and his family threatened with an epidemic of typhoid fever and various members of his family have had to be treated for malaria caused by conditions stated in the declaration;

That because of the illness attributable to the conditions above mentioned, plaintiff became ill and because of the failure of his health is forced to give up a good position and, to lose employment and to be deprived of the pay incident thereto.

The allegations of the declaration are sufficient to show that the plaintiff and his family have suffered inconvenience and damage by reason of the acts complained of and that the enjoyment of the home occupied by plaintiff and his family has been greatly curtailed, prevented and damaged as a result of the acts complained of.

The declaration shows by amendment that the title to the property which plaintiff occupies as a home for himself and his family is in the name of the wife but that she holds such title in trust for the plaintiff and that he is the real party at interest.

Plaintiff in error has presented two questions for our consideration, which are stated as follows:

"Did defendant in error present sufficient evidence of ownership of the property in question to properly maintain an action for damages to said property?

"Did the trial court make error in allowing certain testimony as to the measure of damages over the objection of the plaintiff in error?"

The first question may be answered by saying that the evidence is sufficient to show that the interest of the plaintiff in the lands described is such as will entitle him to maintain the action.

In Yellow River R. R. Co. v. Harris, 35 Fla. 385, 17 Sou. 568, it was held: "Where lands are trespassed upon, a party to be entitled to sue and recover for such trespass must have been the owner, or in possession of the land, *at the time of trespass.* If he does not acquire any ownership over, or possession of, the land until *after the acts of trespass,* then it is well settled, he cannot recover damages for such trespass. And it behooves the plaintiff in such cases to show that *at the time of the alleged trespass* he was either the owner of the land trespassed upon, or else in the actual possession thereof." While this suit is not, strictly speaking, a suit in trespass upon land, it is a suit for damages to the enjoyment of land for the purpose for which it was used. Burns v. Sanderson, 13 Fla. 381, is of no importance here because the legal title to the estate is not involved in this suit.

In the case of Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 Sou. 780, this Court, speaking through Mr. Justice DAVIS, said:

"The AMERICAN theory of constitutional protection to life, liberty and property and the theory of Florida law as expressed in our State Constitution is clearly to the effect that actions for recovery of damages for torts are no longer to be regarded as mere *punitive* retaliations against the tort feasor, but as a means of *recompense* to the citizen wronged."

In Kaufman v. City of Tallahassee, 84 Fla. 634, 94 Sou. 697, Mr. Justice ELLIS, speaking for the Court said:

The distinction between what is a governmental and what a ministerial function of a city is not always so clear that a given transaction may at once be classed as the one or the other, but whether governmental or not it is always quite difficult, if not impossible, to give a satisfactory reason for holding a city immune from liability when through its own negligence or the carelessness or inefficiency of its agents and employees it violates a right of a citizen to his injury, especially when one considers that provision of the Bill of Rights which declares that 'all courts in this State shall be open so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and rights and justice shall be administered without sale, denial or delay.' Constitution, Bill of Rights, Section 4."

Finally, in answer to the first question, our conclusion is that plaintiff's right to maintain the action did not depend necessarily on his title to the property where in the use thereof he was alleged to have been damaged, but if that were necessary the proof that he is *cestui que* of the trust estate whereof the fee is vested for his benefit in his wife, such interest would vest in him the right to maintain the action as the real party in interest. But, aside from this, it was only necessary for him to show possession of the property and the enjoyment of such possession at the time of the alleged tortuous acts.

That a municipality is liable for damages occasioned by the operation of its sewerage disposal plant or garbage plant may be considered as settled in this jurisdiction by the opinion and judgment in the case of Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 Sou. 457, and in

Maxwell v. City of Miami, 87 Fla. 107, 100 Sou. 147. While these cases involved alleged negligence, they settle the question as to whether or not a municipality may be held liable for a tort arising through the municipal operation of such instrumentalities. The record in this case is somewhat voluminous. In fact, it includes much that is irrelevant and immaterial. It is difficult to separate the wheat from the chaff. There appears one element of alleged damage, viz.: that plaintiff suffered damage in the loss of employment because he was stricken with malaria which he contracted from the bites of mosquitoes which mosquitoes propagated and existed because of the filth which defendant turned into the adjacent waters. That the filth added materially to the propagation of mosquitoes and of that type of mosquitoes which is known to be carriers of disease-producing virus, cannot be doubted. Nor can it be questioned that the creation of such a condition constitutes a nuisance, but the damage which may be alleged to accrue from the bite of a mosquito alleged to have been so propagated is too conjectural and speculative to be relied upon as a basis for special recovery. Evidence offered to support this element of damage should have been excluded but in the light of the amount of damages awarded by the jury we cannot say that prejudicial or reversible error occurred.

Without taking into account the damages alleged to have accrued by reason of the alleged bites of mosquitoes, the record would support a verdict for a larger amount than that awarded which was in the sum of $850.00 and costs.

The plaintiff in error contends that the proper measure of damage in this case should be determined by the ascertainment of the difference between the rental value of the property which plaintiff occupied as his home as it existed prior to the occurrence of the wrongful acts complained of and that value as it existed after results of the wrongful

acts came into existence. There may be cases in which that would be a proper rule by which to measure damages but not so here. In this case, as stated, *supra,* the damage is not that which accrued to the property as such but it is that damage which the plaintiff suffered in the use and enjoyment of his property by reason of the wrongful acts of the defendant.

For the reasons stated, the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., WHITFIELD and THOMAS, J. J., concur.

CHAPMAN, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.