**SOAP CORPORATION OF AMERICA v.
REYNOLDS et al.**

No. 12655.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1949.

Rehearing Denied Jan. 18, 1950.

Otis E. Nelson, Wichita Falls, Tex., H. P. Hodge, Jr., Wichita Falls, Tex., for appellant.

Kearby Perry, Wichita Falls, Tex., John Davenport, Wichita Falls, Tex., for appellees.

Before HUTCHESON, WALLER, and RUSSELL, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, brought by plaintiffs, home owners in the vicinity of defendant's soap factory, was for an injunction restraining defendant from operating it as a nuisance.

The claim was that after the defendant had, on November 1, 1947, begun the operation of its factory, it started manufacturing raw soap in the plant and in the process permitted foul and obnoxious vapors and odors to arise and escape from the premises, causing plaintiffs irreparable damage in their persons and property.

The defendant, admitting the operation of the soap factory but denying that it emitted obnoxious odors or vapors or otherwise constituted a private nuisance, put forward affirmative defenses.

One of these, based on a judgment in favor of defendant, denying the City of Wichita Falls an injunction against it as a public nuisance, was res adjudicata.

Another was that if the operation of the plant caused any inconvenience to plaintiffs, which was denied, it was not one peculiar to them but one which was common to the general public, and, therefore, not actionable by them.

The third was that defendant, acting in the belief that the judgment, denying the City an injunction, had determined its right to construct and maintain its plant, thereafter proceeded with the construction, expending large sums of money thereon, and that plaintiffs are estopped by their laches in not bringing this suit until many months later.

Finally it pleaded: that it had expended large sums of money in producing a modern and up to date plant; that it had not been guilty of any negligence; that the manufacture of soap is not a detriment to the health of the plaintiffs or any other citizen of Wichita Falls; that the plant is not, nor is it operated as, a nuisance; and that the injunction should be denied.

Defendant's demand for a jury denied, on the ground that the suit was one of purely equitable cognizance, the case came on for trial before the court without a jury, and the evidence concluded, there were findings of fact and conclusions of law[1] and a judgment for plaintiff.

Rejecting the defense of res adjudicata as unavailing and the claim, that plaintiffs had failed to prove an injury peculiar to themselves as distinguished from one sustained by the general public, as unsound, the court found for the plaintiff. Saying:

1. These are as follows:
"The defendant established its soap factory in what may be termed the industrial part of Wichita Falls, in which district were citizens who owned their homes and had lived there prior to the establishment of the factory.

"Some of the city authorities had given permission for the establishment of the factory, but there was no attempt at zoning regulations. The manufacture of soap begun in the latter part of 1947. In January, 1948, the city brought a suit to enjoin its continuance, but was unsuccessful.

"Eleven plaintiffs, residents and citizens of the immediate neighborhood of the defendant's factory, brought this suit to enjoin the continuance of the defendant's business. The defendant plead res adjudicata and then the general issue.

"We have examined, during the trial, thirty witnesses, and one plaintiff who testified in full. An agreement was entered in open Court that the other plaintiffs would testify to the same effect.

"The nuisance complained of by the plaintiffs is that the operation of the defendant's plant is a nuisance because it emits to that immediate neighborhood, obnoxious, nauseating and distasteful odors. That the odors are so persistent that they permeate a washing that is hung on the line to dry, that they come in through the doors and windows of their respective homes, requiring the closing of

"I do not put the factory out of business; I am telling them to stop these odors coming out"; ., 'the court concluded that the evidence established the existence of a nuisance in the emission of nauseating and offensive odors and that an injunction should issue requiring not the shutting down of the plant but cessation of the emission of obnoxious odors.

On the basis of these conclusions, the court entered a judgment reciting: that plaintiffs were suffering irreparable injury; that damages would not be adequate; and that they were entitled to an injunction; and ordering that a perpetual injunction issue requiring the defendant to "cease and desist from discharging foul and obnoxious odors into the atmosphere in such a manner as to cause injury, damages, harm, or inconveniences to the person or property of the plaintiffs".

Appellant is here insisting that the court erred: (1) in refusing its demand for a jury; (2) in rejecting its defenses, of res adjudicata and of estoppel and laches; and (3) in granting the injunction because the proof did not support the plaintiffs' claims that the operation complained of caused plaintiffs any injury or inconvenience different from that of the general public, in short, caused them special damage.

Appellees, on their part, pointing out that the relief demanded and decreed was wholly equitable, insist that the jury request was properly denied. They insist, too, that the defenses of res adjudicata and of laches and estoppel are wholly without merit because: (1) plaintiffs' suit was for relief against a private nuisance, while the city sought to abate a public one; (2) the city's suit merely determined that prior to Jan. 30, 1948, the appellant had not committed a public nuisance; and (3) the evidence did not show that the conditions complained of in the city's suit were the same as those of which plaintiffs complained, but, on the contrary, showed that they were different and more greatly injurious, and that plaintiffs had brought the suit promptly after the injurious consequences were realized.

As to the other claims put forward by appellant, appellees, urging upon us that they pleaded and proved a private abatable nuisance and that they were without an adequate remedy at law, insist that the grant of the relief accorded plaintiffs finds full support in the evidence.

Pointing out: that the district judge did not enjoin the operation of the soap factory but only its operation in such a manner as to cause injury to plaintiffs; and that there was no claim made, nor proof offered by defendant, that the emission of the complained of odors was a necessary incident to the operation; but that, on the contrary, the defendant denied that such odors were being emitted; appellees insist that the judgment was right and should be affirmed.

We find ourselves in general agreement with appellees.

■ As to the jury demand, since the principal demand of the plaintiffs was for an injunction, the action was not one tri-

---

those openings during the heated period, and at other times so that the nuisance interferes with the comfort of the resident. That aircooling apparatus does not cleanse the atmosphere of these odors, but, in truth, aggravate them because more of the atmosphere is brought into the home and thus no adequate protection can be had. The odors are so bad they interfere with eating.

"The testimony supports these allegations.

"The plea of res adjudicata made by the defendant must be overruled because the plaintiffs are strangers to that suit and the pleadings in the two suits are quite different. The defendant's suggestion that the factory was established with the approval of the city authorities is of no legal weight because the city authorities have no right to exercise the powers of eminent domain without affording just compensation for the property so taken. The recognition of that doctrine in this suit may be slightly superlative, but it is a nuisance peculiar to the citizens of that particular locality and does, in truth, result in a continued discomfort as their respective homes to which they should not be subjected.

"A decree may be entered enjoining the defendant from emitting, or causing to be emitted from its factory, obnoxious, nauseating and harmful odors."

able of right by a jury, and the court did not err in denying the jury demand.[2]

On its point that the judgment in the suit of the City of Wichita Falls, to enjoin the operation as a public nuisance, was res adjudicata of plaintiffs' suit to enjoin it as a private one, appellant cites not a single case so holding. We have found none. Upon a consideration of the principles governing res adjudicata and those distinguishing between private and public nuisances,[3] we are in no doubt that none supporting appellant's contention can be found.

Appellees, on the other hand, cite Sullivan v. American Mfg. Co. of Massachusetts, 4 Cir., 33 F.2d 690, where the subject is exhaustively discussed and the conclusion is in accord with their contention, and 39 Am.Jur., p. 386, Nuisances, where, with full citation of authorities, it is stated that "Interference with the enjoyment and value of a person's private property rights is a special injury within the rule".[4] In addition, there is positive evidence that the operations, of which plaintiffs complain, were quite different from those complained of and sought to be enjoined in the suit of the city and, the nuisance being a continuing one, if plaintiffs had been parties to it, the first judgment would not have been a bar to this suit.[5]

For the same reason, that the nuisance complained of is a continuing one, and that there was a change in the operations, it is quite clear that plaintiffs are not estopped by laches from bringing their suit.[6]

Upon its point that the injunction was wrongly granted because the proof did not sufficiently show a private, as distinguished from a public, nuisance, that is, did not show wherein the plaintiffs suffered an injury different in kind or degree from that suffered by the public generally, appellant stands no better.

As a general rule, an individual can neither abate, nor recover damages for, a public nuisance, unless he can show that he has sustained therefrom damage of a special character, distinct and different from the injuries suffered by the public generally, that is, a private individual to sue must have sustained a special injury, and there is considerable uncertainty and some conflict as to what constitutes such an injury within the rule. It is quite clear, however, that the mere fact that numbers suffer the same injury with plaintiffs does not make the nuisance a public one, and that interference, as complained of and testified to here, with the enjoyment and value of a person's private property rights is a special injury within the rule.[7] Moreover, it is clearly settled that special injury may result to a person in proximity to it, although the injury may be occasioned by a public nuisance.[8]

This being the state of the law, and the evidence fully supporting the findings, there remains for consideration only a matter not raised by appellant, but discussed in the argument, whether plaintiffs ought to have been denied an injunction and remitted to damages as their remedy. In support of the view that they should be, general expressions in King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636, that if a business is lawful and, though conducted

---

2. Missouri Pac. Transp. Co. v. George, 8 Cir., 114 F.2d 757; Denapolis v. U. S., 5 Cir., 3 F.2d 722; Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862; City of Morgantown v. Royal Ins. Co., 4 Cir., 169 F.2d 713; and the well considered district court case of Fitzpatrick v. Sun Life Assurance Co., D.C., 1 F.R.D. 713.

3. 39 Am.Jur., Nuisances, Secs. 123 to 126, incl.; 31 Tex.Jur., Nuisances, Sec. 4, Public and Private Nuisances; King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636; Sullivan v. American Mfg. Co., of Massachusetts, 4 Cir., 33 F.2d 690.

4. Cf. 31 Tex.Jur., Nuisances, Sec. 37.

5. 39 Am.Jur., Nuisances, p. 436; Klaber v. Lakeman, 8 Cir., 64 F.2d 86, 90 A.L. R. 783.

6. 39 Am.Jur., Nuisances, Sec. 165, p. 436; 31 Tex.Jur., Nuisances, Sec. 36; City of Dallas v. Early, Tex.Civ.App., 281 S.W. 883.

7. 39 Am.Jur., Sec. 126.

8. 39 Am.Jur., Sec. 126; 31 Tex.Jur., Secs. 4 and 37.

with due care, it will result in injury to adjoining persons, its operations will not be enjoined, but plaintiff will be relegated to a suit for his damages, are relied on. In addition, the opinion of the majority in Central Hide & Rendering Co. of Wichita Falls v. Storey, Tex.Civ.App., 223 S.W.2d 81, is cited.

Appellees, insisting that a different rule applies to structures devoted to public use, such as railways[9] and city sanitation facilities,[10] than applies to structures employed in a purely private enterprise,[11] also point out: that there was a dissent in the Central Hide case, supra; that the Supreme Court has granted a writ of error in that case; and that Art. 4642(4) of the Rev.Stat. of Texas provides that, An injunction may be granted where "* * * or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law."

They point, too, to the fact that there is neither pleading nor proof that the odors complained of could not be obviated but were a necessary part of the operation of the plant, and to the rule obtaining in Texas, that where a nuisance is not a permanent one, that is, arises not out of the way in which the plant is necessarily, but out of the way in which it is actually, operated, plaintiff may not be required to bring successive suits for recurring damages, but may, in the one action, restrain the source of the damage.[12]

We agree with appellees that on the record as presented, the district judge did not err in granting an injunction rather than damages in lieu thereof. Because, however, the injunction is made perpetual, and is in quite general terms, we are of the opinion that the decree appealed from should be modified by adding to it the following clause: "Without prejudice, however, to the right of the judge by orders entered at the foot of the decree, of his own motion or on application of the parties, or of any or either of them, to amend, alter, or modify the injunction, or to set the decree aside, by awarding money damages in lieu of the injunction, or otherwise, as to right and justice may appertain", and, as modified should be affirmed.

Modified and affirmed, with costs of appeal divided.

9. Galveston, H. & S. A. Ry. Co. v. De Groff, 102 Tex. 433, 118 S.W. 134, 21 L.R.A., N.S., 749.

10. Stone v. City of Wylie, Tex.Com.App., 34 S.W.2d 842; City of Harrisonville, Mo. v. W. S. Dickey, Clay Mfg. Co., 289 U.S. 334, 53 S.Ct. 602, 77 L.Ed. 1208; Chandler v. City of Olney, 126 Tex. 230, 87 S.W.2d 250.

11. Arizona Copper Co. v. Gillespie, 230 U.S. 46, 33 S.Ct. 1004, 57 L.Ed. 1384; Stark v. Coe, Tex.Civ.App., 134 S.W. 373.

12. Landwer v. Fuller et al., Tex.Civ.App., 187 S.W.2d 670.