**Shelby SCOTT, Appellant,**

v.

**CITY OF ROBINSON et al., Appellees.**

**No. 4476.**

Court of Civil Appeals of Texas.

Waco.

May 19, 1966.

Rehearing Denied June 9, 1966.

W. V. Dunnam, Jr., Waco, for appellant.

F. L. Kuykendall, Austin, E. H. O'Dowd, Waco, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment sustaining defendants' plea in abatement, and dismissing plaintiff's suit for injunction.

Plaintiff Scott, et al, filed suit against defendant City of Robinson and its Mayor, Honorable E. H. O'Dowd, alleging by sworn pleadings that plaintiffs own lands which they occupy as their homesteads; that defendant City is located several miles south of plaintiffs' premises; that the City was making preparation to build sewage disposal plants which would discharge "effluent into 3 natural draws which slope toward and onto plaintiffs' lands"; and cause noxious and offensive substance to invade plaintiffs' premises, seep into and pollute the soil of plaintiffs' properties, the water wells on plaintiffs' properties * * * and will constitute a trespass and a taking of plaintiffs' properties within the meaning of Article 1, Section 17 of the Constitution of the State of Texas [Vernon's Ann.St.] without said City * * * having made any compensation to plaintiffs * * * therefor nor securing same to be made * * *."

Plaintiffs prayed that defendants be permanently enjoined from "discharging any effluent from any human sewage disposal plant into the natural draws that run and slope from a southerly direction towards and onto plaintiffs' properties."

Defendant City answered by plea to the jurisdiction; by plea in abatement; and by general denial.

Defendant's plea in abatement asserted defendant was a municipal corporation and had secured the right to build its proposed sewage disposal system (under Art. 7621d, Vernon's Ann.Tex.Civ.St.) from the State Water Pollution Control Board; that if plaintiffs' properties are injured or damaged by the operation of the sewage system, such does not constitute a taking of plaintiffs' properties within the meaning of Article 1, Sec. 17 of the Constitution of Texas, and injunctive relief will not be granted to prevent the City from discharging the waste as authorized by the State Water Pollution Control Board; and if plaintiffs are damaged, they will be relegated to suit for damages. Defendant City further asserted that plaintiffs' suit was prematurely filed (because the sewage system had not been operated and no damage had been caused plaintiffs).

The parties stipulated that the City had filed application for a permit with the State Water Pollution Board pursuant to Article 7621d, V.A.T.S., "to discharge waste from sewage disposal plants into the areas claimed by (the City) to be Cottonwood Creek, Flat Creek and an unnamed tributary of an alleged Crow Creek, thence into Crow Creek and thence to Castleman Creek, which areas are claimed by plaintiffs to constitute mere areas of low grade with a natural slope onto plaintiffs' property, and not to constitute water courses, creeks, streams or rivers. In support of said application, plans and specifications were prepared by registered, professional engineers on behalf of the City, and such were submitted to and approved by the Texas State Health Department. After notice and hearing * * * the State Water Pollution Control Board * * * issued the City three permits * * *" (to discharge effluent into Cottonwood Creek, Flat Creek, and on unnamed tributary of Crow Creek).

Defendant City's sewage plant is to be entirely on land owned by the City, and plaintiffs plead their lands are "several miles" distant.

The trial court overruled defendants' plea to the jurisdiction; sustained defend-

ants' plea in abatement; and dismissed plaintiffs' suit for injunction.

Plaintiff Scott (only) appeals, contending: "The Trial Court erred in sustaining defendants' plea in abatement."

Article 1, Section 17, Texas Constitution provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made * * *, and, when taken, except for use of the State, such compensation shall first be made, or secured by a deposit of money * * *."

A "taking" of property within the meaning of the Constitution is an actual physical invasion or an appropriation of the property, and not simply the infliction of an incidental injury. "Damaging" imports that property has been injured without appropriation of or intrusion upon the land itself. An injunction will issue to restrain a threatened taking, (where compensation has not been made in advance). But an injunction will not issue to restrain a threatened "damage" or "injury," as such may be repaired by damages, for the recovery of which an adequate remedy at law exists. Kahn v City of Houston, 121 Tex. 293, 48 S.W.2d 595; Stone v. City of Wylie, Tex. Com.App., 34 S.W.2d 842; Duvall v. City of Dallas, Er. Ref., Tex.Civ.App., 27 S.W. 2d 1105; Webb v. Dameron, Tex.Civ.App. (n. r. e.), 219 S.W.2d 581; McCammon & Lang Lumber Co. v. Trinity B. & V., 104 Tex. 8, 133 S.W. 247.

The threatened acts which plaintiff seeks to enjoin, constitute at most a threatened "injury" or "damaging" of plaintiff's property, and not a threatened "taking" of it. Holderbaum v. Hidalgo County Water Dist., Tex.Civ.App., 297 S.W. 865, affirmed

Tex.Com.App., 11 S.W.2d 506; Nussbaum v. Bell County, 97 Tex. 86, 76 S.W. 430; Tarrant County Water Dist. v. Reid, Tex. Civ.App., (n. r. e.) 203 S.W.2d 290; Houston v. Wall, Tex.Civ.App., (n. r. e.), 207 S.W.2d 664; Donna Irr. Dist. v. Piper, Tex. Civ.App., (n. w. h.), 269 S.W. 157; Williams v. City of Dallas, Tex.Civ.App., (n. w. h.), 52 S.W. 2d 373.

In Holderbaum, supra, plaintiff contended the action of the Water District in flooding plaintiff's land amounted to a "taking" of the land under the Constitution. The Court held: "It appears to be settled that the trespass here complained of was not a 'taking' * * * but * * * [a] 'damage' * * *."

In Nussbaum, supra, the County dug a ditch which diverted water across plaintiff's property. The Court held plaintiff not entitled to injunction restraining the County from maintaining the ditch, but was relegated to a suit for his damages.

We think plaintiff is relegated to a suit for his damages after they occur; and that suit for injunction for such threatened acts was properly abated. See also: Chandler v. City of Olney, 126 Tex. 230, 87 S.W. 2d 250; Rische v. Tex. Transp. Co., Er. Ref., 27 Tex.Civ. 33, 66 S.W. 324; City of Dallas v Megginson, (n. r. e.), Tex.Civ.App., 222 S.W.2d 349; Brazos River Auth. v. Graham, 163 Tex. 167, 354 S.W.2d 99.

We think the trial court correctly overruled defendant's plea to the jurisdiction.

We further think the trial court correctly overruled plaintiff's motion to strike Intervenor's plea of intervention. See Rule 42, Texas Rules of Civil Procedure.

Plaintiff's contentions are overruled. Affirmed.