**496**

L. B. BEATY et al., Appellants,

v.

CITY OF ABILENE, Appellee.

No. 4400.

Court of Civil Appeals of Texas,
Eastland.

July 17, 1970.

Rehearing Denied Aug. 21, 1970.

Yates & Yates, Abilene, for appellants.

Ben Niedecken, City Atty., Britt Thurman, Asst. City Atty., Abilene, for appellee.

WALTER, Justice.

L. B. Beaty, R. J. Little, J. N. Bradshaw and others, individually, and in behalf of others similarly situated as tax paying citizens filed suit against the City of Abilene to restrain the City from the construction and operation of a landfill type of garbage disposal project. They contended it would pollute the underground water supply, the water of Elm Creek and Fort Phantom Hill Lake, would create a flood hazard, and divert the flow of water below the project to the injury of the riparian owners. The court sustained the City's plea in abatement and special exceptions and dismissed the suit. Some of the plaintiffs have appealed.

■ The appellants contend that the disposal of garbage and refuse by the city is not a governmental function and therefore is not "privileged to put on the halo of governmental sovereignty to excuse its actions but rather stands before the court in no better stead than any private individual or corporation." They cite Ostrom v. City of San Antonio, 94 Tex. 523, 62 S.W. 909

(1901), as one of their authorities. Ostrom seems to be out of harmony with City of Fort Worth v. George, 108 S.W.2d 929, (Tex.Civ.App. writ ref. 1937), wherein the court said:

"We believe that, as disclosed by this record, the acts of the City of Fort Worth in collecting garbage and refuse matter from the homes of its inhabitants and the disposition of it when so collected are governmental functions imposed upon the municipality by law and are in furtherance of carrying into effect the Sanitary Code as contained in the general laws of this State."

The Supreme Court's refusal of a writ in George showed that court's approval of such decision.

Appellants alleged that a portion of the dump ground project was located within less than 300 yards of a public highway. Article 696a, of the Vernon's Ann.Penal Code, provides that any municipal corporation, private corporation, firm or person who dumps garbage, rubbish or junk within 300 yards of a public highway shall be guilty of a misdemeanor. Section 3 of the act provides that any person affected by the threatened or probable violation of the act shall have the right to enjoin such violation. The amendments to Article 696a provide that the provisions of Subsection B shall not apply when such garbage and junk is processed and treated in accordance with the rules of the State Department of Health and:

"E. The State Department of Health shall promulgate rules and standards regulating the processing and treating of refuse, garbage, rubbish or junk dumped, deposited or left within or nearer than three hundred (300) yards of any public highway in this State."

Appellants contend that these amendments are unconstitutional because the legislature did not set up standards to be followed by the State Department of Health in promulgating its rules. In Shepherd v. San Ja-

cinto Junior College District, 363 S.W.2d 742 (Tex.Sup.Ct.1962) the court said:

"In Texas National Guard Armory Board v. McCraw, 132 Tex. 613, 126 S. W.2d 627 it was said with an abundant citation of authorities that: 'This Court has repeatedly held that no act of the Legislature will be declared unconstitutional unless some provision of the Constitution can be cited which clearly shows the invalidity of such act. Brown v. City of Galveston, 97 Tex. 1, 75 S.W. 488; 9 Tex.Jur., sec. 59, pp. 477, 478, and cases cited in footnotes. The burden is on him who attacks a law for unconstitutionality and courts need not exert their ingenuity to find reasons for holding the law invalid. As was said by the Supreme Court of the United States in the case of Middleton v. Texas Power & Light Co., 249 U.S. 152, at page 157, 39 S.Ct. 227, at page 229, 63 L.Ed. 527: "There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based upon adequate grounds." If doubt should be raised as to the validity of a statute, such statute should be held valid unless it clearly violates some provision of the Constitution.' "

We hold that appellants have not discharged their burden of establishing that such amendments are unconstitutional. In the case of Bright v. City of Corpus Christi, 172 S.W.2d 763, (1943, Tex.Civ.App., no writ history), the court was confronted with an instructed verdict in favor of the City in a case similar to the case at bar and involving the construction of Article 696a of the Penal Code and the court said:

"It was not the intention of the Legislature in enacting Art. 696a of the Penal Code to prohibit the dumping of garbage at a disposal plant.—"

"When the entire Act, including the caption, the body of the Act, and the emer-

gency clause, is considered, it is clear that the intention of the Legislature in enacting Art. 696a, supra, was to prevent the dumping or placing of trash, refuse, debris, garbage and carcasses of dead animals near public roads and highways with no provision for its destruction, but, rather, with the intention and purpose that it should remain there and decay, thus producing a nuisance and a condition against public welfare and health. The Legislature never intended to prevent the dumping of garbage into a vat at an incinerator for immediate destruction. The phrase in the Act which reads, 'or permit the same to remain', might well be interpreted to mean 'and permit the same to remain'. The word 'or' may very properly be construed to mean 'and'. Ross v. Terrell, 99 Tex. 502, 90 S.W. 1093."

The City pleaded that the Abilene Sanitary Landfill has been completed since October, 1969; that it is a public improvement, permanent in nature and necessary to the health and welfare of the citizens of Abilene; that such landfill has been operating under guidelines set by the State Health Department and by the City Council; that the City determined the location of the landfill site under powers granted home-ruled cities by Article 1175, Sections 28 and 34 of Vernon's Ann.Tex.Rev.Civ. St.; that appellants have an adequate remedy at law and that the appellants have not alleged that their property has been damaged but have alleged only speculative damages which will depend upon the happening of some contingency in the future.

In Scott v. City of Robinson, 404 S.W. 2d 330 (Tex.Civ.App., Writ Ref. n.r.e.) a case in which a landowner sought to enjoin the city from constructing a sewage disposal plant, the court said:

"An injunction will issue to restrain a threatened taking, (where compensation has not been made in advance). But an injunction will not issue to restrain a threatened 'damage' or 'injury', as such may be repaired by damages, for the recovery of which an adequate remedy at law exists. * * * The threatened acts which plaintiff seeks to enjoin, constitute at most a threatened 'injury' or 'damaging' of plaintiff's property, and not a threatened 'taking' of it. * * * We think plaintiff is relegated to a suit for his damages after they occur; and that suit for injunction for such threatened acts was properly abated. See also: Chandler v. City of Olney, 126 Tex. 230, 87 S.W.2d 250; Rische v. Tex. Transp. Co., Er.Ref., 27 Tex.Civ.App. 33, 66 S.W. 324; City of Dallas v. Megginson, (n.r.e.), Tex.Civ.App., 222 S.W.2d 349; Brazos River Auth. v. Graham, 163 Tex. 167, 354 S.W.2d 99."

We hold that appellants will have an adequate remedy at law and if, as and when their rights are invaded by the City, they will be entitled to their day in court.

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.