340 So.2d 1287 (1977)
The TOWN OF SURFSIDE, a Municipal Corporation, Appellant.
v.
COUNTY LINE LAND COMPANY, a Florida Corporation, Appellee.
Nos. 76-1247, 76-1248, 76-1252 and 76-1253.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Rehearing Denied January 26, 1977.
*1288 Sibley, Giblin, Levenson & Ward, Miami, for appellant.
Pettigrew, Arky, Freed, Stearns, Watson & Greer, Miami, for appellee.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The Town of Surfside appeals an order enjoining it from accepting at its dump, refuse from outside corporations, municipalities or entities in this action to enjoin a public nuisance.
Plaintiff-appellee, County Line Land Company, owns real property adjacent to the Town of Surfside's dump located in the unincorporated area of North Dade County. County Line acquired the property for the purpose of developing low cost FHA housing and in the years 1972 and 1973 constructed over 300 housing units. In 1974 County Line made all the necessary arrangements for the construction of approximately 300 additional homes when word was received from the FHA administrator that the proposed housing development was ineligible for mortgage insurance because of the subject property's close proximity to the Surfside dump. Thereupon, County Line filed a complaint against the Town of Surfside and alleged that the operation of the dump constituted a public and private nuisance in that the dump is unsightly and emits foul and noxious odors; is infested with vermin and is a danger to underground water supplies. County Line prayed for a permanent injunction and money damages as a result of the FHA's determination of ineligibility for mortgage insurance. Subsequently, in April 1976 County Line filed a motion for temporary injunction which was noticed for hearing on May 20. By order of May 6 the hearing was cancelled, the claim for injunctive relief was severed from the claim for damages, and June 24 was set as the date for the final hearing on the claim for an injunction. At the conclusion of the final hearing on June 24, the chancellor found that "there is an obnoxious situation at the Surfside dump and that that situation interferes and affects directly the health, safety, and welfare of the surrounding residential neighborhood as to the people and as to the environment." Thereupon, she entered the following restraining order:
* * * * * *
"ORDERED AND ADJUDGED as follows:
"1. Commencing upon June 30, 1976, the city is enjoined from accepting refuse at its city dump from any place except from within its own city boundaries. No refuse is to be accepted that is not generated from within the Town of Surfside.
"2. The defendant city has until August 1, 1976, in which to show to this Court that it has substantially complied with regulation 17.7 of the Department of Environmental Regulation, or that it has received a temporary operating permit under that regulation, and unless that the obnoxious situation is controlled; *1289 the Court will then consider entering a permanent injunction prohibiting the use of said dump for any refuse disposal purposes.
"If on August 1, 1976, the defendant city shows the Court that it is fulfilling the requirements of said regulation 17.7, and most of the obnoxious situation that has been brought forth at the hearing has been corrected, or that a temporary operating permit has been issued to it, the Court will consider lifting the injunction against use of that dump by outside individual corporations, municipalities, or other entities."
* * * * * *
The Town of Surfside appeals therefrom.
Surfside first argues that there is no substantial competent evidence that it is maintaining either a public or private nuisance which injures or affects appellee's property. We cannot agree.
Anything which annoys or disturbs one in the free use, possession or enjoyment of his property or which renders its ordinary use or occupation physically uncomfortable may become a nuisance and may be restrained. Knowles v. Central Allapattah Properties, Inc., 145 Fla. 123, 198 So. 819 (1940); Jones v. Trawick, 75 So.2d 785 (Fla. 1954).
Expert testimony revealed that as a result of extensive areas of the site being inadequately covered with clean fill, serious problems existed as to obnoxious odors emanating therefrom, fires, attraction of flies, vermin and birds, aesthetically displeasing exposure of garbage and erosion created by the very fast runoff of water which carries contaminants as it runs off the edges of the site. A resident in the vicinity of the dump also testified concerning the foul odors coming from the dump and fly infestation. Thus, we conclude that there is sufficient evidence to support the chancellor's determination that there is an obnoxious situation at Surfside's dump and "that situation interferes and affects directly the health, safety and welfare of the surrounding residential neighborhood as to the people and the environment." Cf. City of Lakeland v. Douglass, 143 Fla. 771, 197 So. 467 (1940); City of Miami v. City of Coral Gables, 233 So.2d 7 (Fla.3d DCA 1970).
In the second and third points on appeal, Surfside is contending that appellee lacks standing to maintain this action for injunctive relief in that there is no competent and substantial evidence that establishes the appellee has suffered a peculiar injury or damage not suffered by the general public.
The record reflects that counsel for Surfside in open court stipulated to the fact that appellee has standing to bring this suit. Assuming there was no stipulation, we still find for appellee on this issue.
The interference with the enjoyment and value of private property rights is a special injury justifying a suit by a private individual to enjoin the nuisance. Soap Corporation of America v. Reynolds, 178 F.2d 503 (5th Cir.1950) and Cf. City of Miami v. City of Coral Gables, 233 So.2d 7 (Fla. 3d DCA 1970) supra. There was sufficient competent evidence showing that as a result of the dump's operation, appellee's use and value of the subject property was being interfered with. Thus, these points of appellant are without merit.
Surfside next urges as reversible error the failure of appellee to exhaust its administrative remedies as required by Section 403.412(2)(c), Florida Statutes (1975), which is a condition precedent to the institution of these proceedings by appellee.
The fallacy in this argument is that appellee is not suing to enjoin the violation of Rule 17.7 of the Department of Pollution Control, but rather instituted this action based upon its common law right to abate a nuisance. See Wetzel v. A. Duda & Sons, 306 So.2d 533 (Fla. 4th DCA 1975). We also considered appellant Surfside's final point that Rule 17.7 grants it until July 1, 1977 to comply with its regulations and find no reversible error has been made to appear therein. See State ex rel. Shevin v. Tampa *1290 Electric Company, 291 So.2d 45 (Fla. 2d DCA 1974).
Affirmed.