**J. A. VILLARREAL, Appellant,**

v.

**The DUVAL COUNTY CONSERVATION AND RECLAMATION DISTRICT, Appellee.**

**No. 16039.**

Court of Civil Appeals of Texas, San Antonio.

May 19, 1978.

Rehearing Denied May 30, 1978.

L. Javier Cavazos, Kingsville, for appellant.

Canales & Barrera, San Diego, for appellee.

KLINGEMAN, Justice.

This case involves the proposed construction of a sewage treatment plant by the Duval County Conservation and Reclamation District. Appellant J. A. Villarreal filed an action in the District Court of Duval County, seeking to permanently enjoin Appellee, Duval County Conservation and Reclamation District, from constructing a proposed sewage treatment plant in San Diego, Texas. Both sides filed motions for summary judgment. The trial court granted appellee's motion for summary judgment and overruled appellant's motion for summary judgment and refused to enjoin the construction of such sewage treatment plant. The trial court found in its judg-ment that appellee had lawful authority to construct such sewage treatment plant.

Appellant's sole point of error is that the trial court erred in failing to rule that appellee exceeded the authority granted to it by the Legislature in purchasing property outside its boundaries for the purpose of constructing a sewage treatment plant.

It is undisputed that the proposed sewage treatment plant is to be located in San Diego, Texas, and in both Duval and Jim Wells Counties.[1]

The pleadings before the court at the time of the hearing were: (1) Plaintiff's Petition asking that appellant be permanently enjoined from constructing the proposed sewage treatment plant; (2) Defendant's Original Answer, asserting no affirmative relief against Plaintiff; (3) Plaintiff's Motion for Summary Judgment alleging that plaintiff is entitled to a summary judgment against defendant as a matter of law; (4) Defendant's Motion for Summary Judgment alleging that defendant is entitled to a summary judgment against plaintiff as a matter of law.

On the basis of the pleadings before the trial court, the relief sought by the parties, and the record before us, we affirm the judgment of the trial court.

Appellant, in his petition for permanent injunction, alleges: (1) that he is a private citizen whose mailing address is San Diego, Texas; there is no allegation that he is a resident or taxpayer in the Duval County Conservation and Reclamation District; (2) that defendant proposes to initiate construction of a sewage treatment plant within the city limits of San Diego, but within Jim Wells County; (3) that the Duval County Conservation and Reclamation District is located solely in Duval County, and that in purchasing land in Jim Wells County, the defendant acted completely without authority; (4) that plaintiff owns 20 acres adjacent to the proposed construction site and that plaintiff will suffer harm, damages, and injury because of the close proximity of

1. There is nothing in the record showing when the property involved was purchased. The present Duval County Conservation and Recla-mation District is composed of lands in Duval County only, but at one time it was composed of lands in both Duval and Jim Wells Counties.

the plant which will permanently damage the value of his property and destroy the quiet enjoyment of such property and his home.

Plaintiff does not allege any taking of his property.

■ We hold that the trial court did not err in refusing to grant a permanent injunction sought by appellant. The threatened acts which appellant seeks to enjoin constitute, at most, a threatened "injury or damage" of plaintiff's property and not a threatened "taking of it," and an injunction will not lie to enjoin the construction of the proposed sewage treatment plant which only threatens damages, which if realized, may be adequately compensated by the recovery of damages. *Nueces County Drainage & Conservation District No. 2 v. Bevly,* 519 S.W.2d 938 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd, n. r. e.). See also *City of Abilene v. Downs,* 367 S.W.2d 153 (Tex.1963); *Scott v. City of Robinson,* 404 S.W.2d 330 (Tex.Civ.App.— Waco 1966, writ ref'd, n. r. e.); *Webb v. Dameron,* 219 S.W.2d 581 (Tex.Civ.App.— Amarillo 1949, writ ref'd, n. r. e.).

■ The distinction between "taking" and "damaging" is important where equitable relief is sought, because an injunction will not issue to restrain a threatened "damaging." *Kahn v. City of Houston,* 121 Tex. 293, 48 S.W.2d 595 (1932); *Nueces County Drainage & Conservation District No. 2 v. Bevly, supra; Scott v. City of Robinson, supra; Webb v. Dameron, supra.*

. In *Scott v. City of Robinson, supra,* the court said:

An injunction will issue to restrain a threatened taking, (where compensation has not been made in advance). But an injunction will not issue to restrain a threatened 'damage' or 'injury,' as such may be repaired by damages, for the recovery of which an adequate remedy at law exists [citations omitted].

The threatened acts which plaintiff seeks to enjoin, constitute at most a threatened 'injury' or 'damaging' of plaintiff's property, and not a threatened 'taking' of it. [citations omitted].

We think plaintiff is relegated to a suit for his damages after they occur. . . 404 S.W.2d at 332.

*Nueces County Drainage & Conservation District No. 2 v. Bevly, supra,* was a suit for permanent injunction by Bevly against the Nueces County Drainage & Conservation District No. 2 to restrain the district from enlarging an existing drainage ditch, located partly within and partly without the district. Bevly owns land outside the boundaries of the district. The trial court entered judgment permanently enjoining the district from enlarging the ditch. The Court of Civil Appeals reversed and rendered, holding: that the permanent proposed enlargement of the ditch did not constitute a threatened taking of Bevly's land; that the matter of public convenience and general welfare is of paramount importance in the situation where an individual seeks to enjoin a governmental agency from constructing public works that affect a large segment of the public greatly; that where a governmental agency in exercise of governmental functions constructs permanent improvements that benefit a large segment of the public which does not amount to a physical invasion or appropriation of a person's land, but is so situated with reference to the improvements that it will suffer injury by operation of the improvements, a claim for such injury is one for "damaging," for which injunctive relief is not available, rather than a claim for "taking."

The threatened acts which plaintiff seeks to enjoin constitute at most a threatened "injury" or "damaging" of plaintiff's property and not a threatened "taking" of it. Under the record before us, plaintiff is relegated to a suit for his damages after they occur.

The judgment of the trial court is affirmed.