PER CURIAM.[1]
The order from which this appeal arises is an order (a) modifying a prior order of abatement and (b) granting a motion for limited discovery and requiring compliance with a request to produce. Neither part of the order is the proper subject of appeal under Florida Rule of Appellate Procedure 9.130, which governs review of non-final orders, since it does not concern venue, an injunction, personal jurisdiction, possession of property, domestic relations, or determination of liability. Appellants’ amended notice of appeal attempts to characterize the order as a final order; however, judicial labor not having ended, the order is not final. Nor does the first part of the order fall under 9.130(a)(3)(C)(i), as appellants suggest. If it can be said to relate to jurisdiction, it would be subject matter, not personal, jurisdiction. We must therefore treat the notice of appeal as to the initial part of the order as petition for a writ of certiorari under Florida Rule of Appellate Procedure 9.040 and Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), *287 pets, for rev. denied, 397 So.2d 779 (Fla.), cert, denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). Moreover, orders on abatements are reviewable through petitions for writs of certiorari. See Sachlas v. Sachlas, 440 So.2d 1289 (Fla. 4th DCA 1983). As for the remainder of the order, such “cat out of the bag” discovery orders are generally reviewed by this court by certiorari. See Greyhound Lines, Inc. v. Jackson, 445 So.2d 1107 (Fla. 4th DCA 1984). The alleged facts are that appellants Cowan and Rosa, who apparently practice dentistry together in a professional association, received letters from the Department of Professional Regulation on November 10, 1983, advising them of a complaint that their professional association (the P.A.) was engaging in an illegal kickback or fee-splitting scheme, and inviting each dentist to respond. There is nothing in the record reflecting further proceedings by the Department.
Two months later, the Florida Dental Association (FDA), a non-profit organization, and its president filed a complaint in the circuit court against both dentists individually and the P.A., alleging nuisance under Section 823.05, Florida Statutes (1983). The complaint was that the P.A. was maintaining a business injurious to community health and in violation of the law and sought a temporary injunction preventing the activities, to be converted into a permanent injunction after a decision on the merits. When Cowan and Rosa moved to dismiss the action, the trial court treated the motion as one to abate and granted it until such time as the plaintiffs could demonstrate that the court should hear further proceedings. However, FDA filed a motion for limited discovery, which resulted in the appealed order modifying the earlier order to abate and authorizing discovery limited with regard to who could see the information so produced.
Appellants first claim that the circuit court has no jurisdiction over a complaint bottomed on allegations allegedly governed by the Administrative Procedure Act. Their contention would be accurate if FDA were suing on the basis of Chapter 466, Florida Statutes (1983), to require compliance with the laws administered by the Department of Professional Regulation. However, this action is brought under the theory of “nuisance.”[2]
Had the FDA stated a cause of action here for a recognized nuisance in which it sought to enjoin such nuisance rather than pursue administrative remedies, then the trial judge could have heard the action.[3] FDA maintains that section 466.001 makes violations of section 466.-028(l)(n) a danger to the public health and safety as a matter of law, thus making places that violate the section automatic nuisances. In actuality, this section speaks of unskilled dentists and dental hygienists as dangers to the public, and neither implies nor says that every violation in the chapter is dangerous. While fee-splitting may be declared to be unethical and illegal, we do not perceive that it is a nuisance as meant in current American jurisprudence.
*288 Moreover, allegations of fee-splitting can and should be resolved through efficient administrative proceedings. We see no reason to open the courtroom door for every voluntary professional association seeking to enjoin a myriad of disapproved practices by lawyers, doctors, architects, engineers or other professionals. It is the policing bodies which should be relied upon by the people of Florida to effectively and speedily investigate and, when appropriate, punish those violating the requirements of professional practice.
Accordingly, we grant the petition for writ of certiorari, and quash the contested order. Because the trial court should not have entertained the action, it was without authority to permit discovery as it did in the second part of the appealed order.
HURLEY and BARKETT, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.

. The opinion was prepared by Glickstein, J.

. See Town of Surfside v. County Line Land Company, 340 So.2d 1287 (Fla. 3d DCA), cert. denied, 352 So.2d 175 (Fla.1977), in which the plaintiffs had succeeded in obtaining a temporary injunction to become permanent if the defendants had failed to comply with the rules of the Department of Environmental Regulation (DER) by a certain time. On appeal, one of the arguments was the failure to exhaust administrative remedies through the DER. Our companion court held, however, that the suit was not one to enforce the DER’s regulations, but rather a suit involving a nuisance; namely, a city dump, making it unnecessary for the DER to consider it first.

. Doctors Cowan and Rosa argue that finding a nuisance is dependent upon finding a violation of section 466.028, Florida Statutes (1983), a determination best made by the department responsible for administration of the statute. The principle is well recognized, however, that an activity may be a nuisance despite its compliance with state or local law. State ex rel. Gardner v. Sailboat Key, Inc., 295 So.2d 658 (Fla. 3d DCA), cert. denied, 304 So.2d 453 (Fla.), cert. denied, 308 So.2d 111 (Fla.1974). Determination of a nuisance is not dependent upon agency determination of a law violation; so the FDA need not have proceeded under the Administrative Procedure Act before bringing a nuisance action.